IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDOLPH S. TANGLE,<br>　　Plaintiff, | )<br>)<br>) |
| v. | )    C.A. No. 05-114 ERIE |
| | )    1:05-cv-00114-SJM-SPB |
| CITY OF ERIE, et al.,<br>　　Defendants. | )<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FILED ON BEHALF OF DEFENDANTS PATRICK L. FETZNER AND SHARON WINKLER**

I.　　**INTRODUCTION**

Plaintiff has filed an action against City of Erie, et al. (John Doe) Judge's Law Clerk, Patrick L. Fetzner, Clerk of Court, Jim Muscarella, Chief Court Reporter, and Sharon Winkler, Clerk of Court Office, essentially grounded upon an averred deprivation of his civil rights pursuant to 42 U.S.C. Sect. 1983. The gravamen of his action regarding Defendants Clerk of Records Patrick L. Fetzner and Clerk of Courts employee Sharon Winkler appears to be that they deprived Plaintiff of his civil rights by not providing him with transcripts or documents during the course of his criminal case. In support of this contention, Plaintiff attaches as exhibits extraneous matters including a court order and correspondence issued by the court in conjunction with his criminal case. Accordingly, Defendants have attached as exhibits to their motion to dismiss additional Court records of which they request this Honorable Court to also take judicial notice, some of which are already before this Honorable Court in the case at docket number 97-CV-329 Erie pursuant to this Court's orders dated November 20, 1997, and February 19, 1999.

II. **ARGUMENT**

    A. **Plaintiff has not stated a claim upon which relief can be granted due to the doctrines of judicial immunity, res judicata, collateral estoppel and or pursuant to 42 U.S.C. Sect. 1983 and the applicable statute of limitations.**

    **Judicial Immunity**

Plaintiff's claims are barred by judicial immunity. Plaintiff essentially contends that the Clerk of Courts deprived him of his civil rights by failing to provide him with certain records from his criminal case, primarily the transcripts. However, it is clear from the record and the rules of procedure that such records are provided or not provided in forma pauperis to criminal defendants pursuant to Court order and by request to the Court's office of the Court Reporter and/or request to the Court itself. In the case of the Commonwealth of Pennsylvania v. Randolph S. Tangle, which Plaintiff here continues to attempt to re-litigate, the record is replete with Court Orders denying Plaintiff's requests to the Court for information or records, denying claims for relief based thereon and, directing that transcripts be filed by the Court's office responsible for transcripts, the Court Reporter, at one point, making a determination that the issue was moot as the Clerk of Courts had already sent copies of the transcripts to Plaintiff. (Appendix Exhibit 15). The record reflects that such determinations are made by the Court, not the Clerk of Courts, and that the Clerk of Courts complied with the Court's orders in this regard. Quasi-judicial and absolute immunity are available to those who perform functions closely associated with the judicial process. Henig v. Odorioso, 385 F.2d 491, 494 (3d Cir. 1967), cert denied, 390 U.S. 1016 (1968)(holding that judiciary employees executing judicial orders are immune from suits for money

damages); Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997) (Inmate's section 1983 claims against court clerks for refusing inmate's request for records on direct appeal and for alleged delay in scheduling appeal related to judicial functions, and thus, clerks were entitled to absolute judicial immunity from claims.); Dieu v. Norton, 411 F.2d 761 (7th Cir. 1969) (court reporter and court clerk refusing to give plaintiff transcript of record were acting in discharge of their official duties and were protected by judicial immunity); Stewart v. Minnick, 409 F.2d 826 (9th Cir. 1969) (acts charged to individual defendants, a court reporter and a court clerk, alleging that they refused to furnish plaintiff with a portion of state criminal trial transcript, were acts performed in their capacity as quasi-judicial officers which clothed them with judicial immunity.); Pritt v. Johnson, 264 F.Supp. 167 (M.D. Pa. 1967); See also Williams v. Wood, 612 F.2d 982, 984 (5th Cir. 1980); Waits v. McGowan, 516 F.2d 203, 206 (3d Cir. 1975); Clay v. Yates, 809 F.Supp. 417, 423 (E.D.Va. 1992), affirmed 36 F.3d 1091(assistant deputy clerk of court was entitled to derivative absolute judicial immunity for conduct taken in response to judicial order in performing or refusing to perform ministerial act of responding to requests for information sought by inmate); Thurston v. Robison , 603 F.Supp. 336 (D.C. Nev. 1985); Brown v. Charles, 309 F.Supp. 817 (E.D. Wis. 1970); Henry v. Farmer City State Bank, 808 F.2d 1228, 1239 (7th Cir. 1986). Inasmuch as Plaintiff's pleading makes reference to declaratory relief, this is also barred by judicial immunity as this is "no more than an implicit predicate to [his] request for damages." Hansen v. Ahlgrimm, 520 F.2d 768, 770 (7th Cir. 1975); see also Isely v. Bucks County, 549

F.Supp. 160, 166 (E.D.Pa. 1982). Moreover, absolute immunity extends to Defendants to the extent they are being sued in their individual capacities as well. Rodriguez v. Weprin, supra. 116 F.3d 66. Whether an act is judicial in character, and thus subject to absolute immunity, does not depend on whether it is discretionary; rather, immunity applies to all acts of auxiliary court personnel that are basic and integral parts of the judicial process, and thus protected by absolute immunity. Sindram v. Suda, 986 F.2d 1456, 1461 (D.C. Cir. 1993). Pursuant to Pa.R.Crim.P. 115(B), 720(B)(2)(c) and 904, the Court determines what transcripts are filed, provided to counsel and/or criminal defendants and who is granted in forma pauperis status. Under Pennsylvania law, a criminal defendant has no independent right to his own copy of discoverable documents in a state court criminal proceeding when represented by counsel, especially when documents have been provided to defense counsel, and any failure to provide a criminal defendant with copies of discoverable documents did not deprive him of any constitutional right that could have been actionable under section 1983, where documents were available to counsel. Williams v. Dark, 844 F.Supp. 210, 213 (E.D.Pa. 1993), affirmed 19 F.3d 645; Pa.Crim.P. 305. Further, pleading civil rights conspiracy requires at least a minimum factual showing of the existence of a conspiracy. Plaintiff includes inadequate bare assertions of conspiracy in his pleading.

The record, portions of which are reproduced in the Appendix to this motion, reveals the following: a Court Order dated April 5, 1994, directing the Court Reporter's Office to comply with counsel's request to generate said transcripts; a

Court Order dated April 13, 1994, denying Plaintiff's pro se Application for Order Mandating Clerk of Courts, and or Court Stenographer, to Furnish Court Records and Transcribed Notes of Testimony due to his representation by counsel; a Court Order dated June 27, 1994, directing the Court Stenographers to file all the transcripts for Plaintiff and to notify counsel when the transcripts are filed; a Court Order dated August 12, 1996, directing the Court Stenographers to file all transcripts, incident to Plaintiff's appeal; a Court Order dated June 13, 1996, denying Plaintiff's pro se Application for Order Mandating Clerk of Courts, and or Court Stenographer, to Furnish Court Records and Transcribed Notes of Testimony due to a lack of matters pending before the Court; a Court Order dated November 1, 2001, denying mandamus relief including any further discovery; a Court Order dated January 29, 2003, dismissing Plaintiff's various pro se motions and petitions for relief at that time due to his representation by counsel; a Court Order dated March 18, 2003, dismissing Plaintiff's PCRA petition which alleged, among other claims, error by the Court in not furnishing certain requested information;  a Court Order dated April 14, 2003, directing the Court Stenographers to file transcripts in the matter, notify Plaintiff of same and ordering the Clerk of Courts *and/or* Court Stenographer to furnish court records and transcribed notes of testimony to Plaintiff (emphasis added); the Court's Opinion re-iterating the Court's determination in the matter; and a Court Order dated May, 12, 2003, dismissing Plaintiff's Motion for Contempt "as moot since the Clerk of Courts has previously sent Defendant copies of the transcripts on July 21, 1997, as indicated on page seven of the docket at Number 1833 of 1993. (attached)". It is clear from the law and the record that all actions taken by the Clerk of Courts and its

employees in regard to furnishing of records to criminal defendants and/or counsel is done and was done pursuant to Court Order and directive and therefore such actions are protected under the doctrine of judicial immunity. Again, portions of the record in this matter are already before this Honorable Court in Plaintiff's case at No. 97-CV-329 and copies are included in the Appendix, affording this Court the opportunity to take judicial notice thereof.

### Res Judicata, Collateral Estoppel and Failure to State a Claim

Additionally, it is clear from the record, cited in part by Plaintiff and included more fully in the Appendix to the motion to dismiss, that the claims and issues raised by Plaintiff are barred by the doctrines of res judicata and collateral estoppel. Plaintiff is attempting to assert claims and raise issues which have been raised, reviewed and finally decided many times in the course of his criminal case in the Court of Common Pleas, his appeals and his various civil actions in the Court of Common Pleas and the U.S. District Court for the Western District of Pennsylvania, or which could have been asserted variously in those actions. Accordingly, they are barred. Plaintiff has raised these matters before the Court of Common Pleas a number of times in the course of his criminal case at docket number 1833-1993 and the record in that case has been reviewed by the Superior Court of Pennsylvania which has affirmed determinations of the Court of Common Pleas by Orders dated December 19, 1996, and December 12, 2003. Plaintiff filed a mandamus action in the Court of Common Pleas at docket number 13812-2001 against the Erie County Court of Common Pleas, the superintendent of the prison, Erie County District Attorneys, PA State Troopers and unknown

Prothonotary (Clerk of Records Patrick L. Fetzner, the same defendant in the instant action). The action at number 13812-2001 sounding in, among other claims, deprivation of constitutional rights pursuant to 42 U.S.C. 1983, access to the Trial Courts and due process and requesting inspection of sealed documents, was stricken by Court Order dated November 26, 2002, and never appealed. Plaintiff filed an action in the Court of Common Pleas at No. 12200-2005, comprised of the same claims as the instant action and now the subject of a Notice of Removal to this Court. Plaintiff filed a Federal Habeas Corpus action in this Honorable Court at number 97-CV-329, asserting deprivation of certain rights as well which petition was denied on July 10, 2000. Plaintiff also filed actions with the U.S. District Court for the Western District of Pennsylvania at the following docket numbers: 1:94-cv-00101-MBC-KJB (civil rights); 1:94-cv-00066-MBC (civil rights); 1:94-cv-00327-SJM-SPB (civil rights); 1:00-cv-00333-SJM-SPB; 1:00-cv-00182-SJM-SPB; 1:00-cv-00357-SJM-SPB. In a number of these actions, Plaintiff has had opportunities to assert claims and raise issues such as those in the present case. Where a judge denied the only relief specifically requested in a particular action and there was no indication in his order that any further judicial action was to be expected, the Superior Court of Pennsylvania applied the doctrine of res judicata to bar later litigation of the issue even in the absence of argument on the record due to the party's failure to appeal the order, making it final. General Accident Fire & Life Assurance Corp., LTD. V. Flamini, 299 Pa.Super. 312, 445 A.2d 770 (1982). The Court noted that Pennsylvania law takes a broad view of what constitutes a final judgment for purposes of res judicata,

which encompasses not only issues actually argued but also issues that could have been argued. Bearoff v. Bearoff Brothers, Inc., 458 Pa. 494, 327 A.2d 72 (1974); Duquesne Light Company v. Pittsburgh Railways Company, 413 Pa. 1, 194 A.2d 319 (1963), cert. Denied, 377 U.S. 924, 84 S.Ct. 1221, 12 L.Ed.2d 215 (1964); see also Sesso v. Rapone, 537 F.Supp. 1091 (E.D. Pa. 1982). The merits of the voluntariness of Plaintiff's guilty plea and effectiveness of his counsel have been reviewed and determined on the merits by the Court of Common Pleas and the Superior Court of Pennsylvania and have been before this Honorable Court as well. There were also additional opportunities to raise them in the course of Plaintiff's other litigations before the Court of Common Pleas and this Honorable Court. These issues are the predicate to any possible claim of harm by Plaintiff and have been finally litigated adversely to Plaintiff. Moreover, the precise issues of whether Plaintiff received copies of his transcripts or not from the Clerk of Courts and/or whether he would have suffered any deprivation of his constitutional rights if he had not been provided same have been determined and reviewed by the Court of Common Pleas and the Superior Court of Pennsylvania and the determination that he and his counsel did in fact receive his transcripts and that his guilty plea was voluntary and his representation effective were finally determined and never appealed further.

  It has been held that, where a plaintiff had unsuccessfully brought actions in state court to have six state criminal convictions declared illegal and expunged from his records, the doctrine of res judicata precluded re-litigation of the same issues in a subsequent federal civil rights action. Wiggins v. Murphy, 576 F.2d

572 (4th Cir. 1978), cert. denied 99 S.Ct. 874, 439 U.S. 1091. In another case, final judgments on the merits in two state cases, one of which embodied two criminal prosecutions, precluded re-litigation of certain decided issues and certain claims, which were or could have been litigated, in federal civil rights actions against various state officials under 42 U.S.C. 1983. Omernick v. LaRocque, 406 F.Supp. 1156 (W.D. Wis. 1976), affirmed 539 F.2d 715. Due process is satisfied if a party receives full and fair adjudication of its constitutional claims in state Court. Peduto v.City of North Wildwood, 878 F.2d 725, 728 (3d Cir. 1989). Similarly, the doctrine of issue preclusion prevented re-litigation of issues relating to a plaintiff's criminal conviction in a later civil rights action notwithstanding the fact that the defendant law enforcement officials were not parties to plaintiff's criminal proceedings. Smith v. Sinclair, 424 F.Supp. 1108 (W.D.Okla. 1976). In the case of Heck v. Humphrey, ___ U.S. ___, 114 S.Ct. 2364, 2372 (1994), the U.S. Supreme Court held the following: To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render conviction or sentence invalid, a section 1983 plaintiff must prove that conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such a determination, or called into question by federal court's issuance of writ of habeas corpus. Plaintiff states in his pleading that "plaintiff is not seeking any type of injunctive relief from conviction or sentences" and "Plaintiff is not attacking his state court conviction or sentence." Accordingly, Plaintiff has not asserted any claim of harm allegedly caused by a denial of copies of his

transcripts. To the extent Plaintiff has had the opportunity to assert this claim or raise this issue in the course of his many prior cases and has not, or has in fact raised them and had them and the record reviewed by the Court previously, his instant action is barred by the doctrines of res judicata and collateral estoppel. To the extent Plaintiff asserts that he is not here attempting to re-litigate his guilty plea and conviction, then he has failed to assert any harm, such as a denial of access to the courts, caused by the alleged refusal of the Clerk of Courts to furnish him with copies of his criminal transcripts and therefore fails to state a claim upon which relief can be granted. Any denial of copies of his transcripts alone would not be actionable, especially in light of Plaintiff's assertion that he is not attempting to challenge his guilty plea and conviction. Moreover, Plaintiff's requests for transcripts were before the Court of Common Pleas, which ruled upon them and denied Plaintiff's motion for contempt regarding same, finding that the issue was moot as transcripts had already been provided to Plaintiff. Transcripts had also been available to Plaintiff's counsel. The denial of Plaintiff's motion for contempt was not even appealed by Plaintiff but was part of the record reviewed by the Superior Court of Pennsylvania on appeal of the Court's March 18, 2003 order dismissing Plaintiff's second PCRA petition, as were any transcripts. The Court reviewed those transcripts and determined his counsel to be effective and his guilty plea to have been voluntarily made. The Court also reviewed and affirmed the denial of Plaintiff's motions pursuant to the post conviction relief act. One of the main purposes of the PCRA was to provide

finality in criminal matters. Commonwealth v. Morris, 573 Pa. 157, 822 A.2d 684 (2003).

It must be noted that, in addition to an inmate's claims being barred by the doctrines of collateral estoppel and/or res judicata, an inmate's claims fail if he essentially does not assert harm, such as denial of access to the courts, caused by defendants' conduct in allegedly failing to furnish him with copies of his transcripts. See Oliver v. Fauver, 118 F.3d 175, 177 (3$^d$ Cir. 1997); Jones v. Franzen, 697 F.2d 801, 803 (7th Cir. 1983); Williams v. Dark, 844 F.Supp. 210, 213 (E.D. Pa. 1993), affirmed 19 F.3d 645 (failure to provide inmate with transcripts did not result in actual injury and, thus, was not actionable under section 1983 as a deprivation of access to courts or due process). Here, Plaintiff not only fails to assert the predicate harm under Heck v. Humphrey, such as his guilty plea and conviction later being called into question, he asserts that he is not now attempting to challenge his plea and conviction. Therefore, assuming he did not receive his transcripts from the Clerk of Courts and/or the Court Reporter (though it is clear from the record that the Court determined that he did and he chose not to appeal that determination), Plaintiff's pleading on its face is not asserting any harm caused thereby entitling him to relief. Plaintiff asserts that he is not challenging his guilty plea and criminal conviction; however, a successful challenge to his conviction would have to be the predicate to his showing of harm. To the extent that he is essentially challenging his criminal conviction, these claims are barred by res judicata and collateral estoppel. With respect to some claim of right to his transcripts, he only asserts a possible state law violation

11

which cannot be the basis of his present civil rights action. Brown v. Grabowski, 922 F.2d 1097, 1113 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991); Hewitt v. Helms, 459 U.S. 460, 466 (1983); Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981). Plaintiff had no entitlement to his transcripts under Pennsylvania law. They had been provided to his counsel and Plaintiff, issues which had also been finally litigated and reviewed. Due to the fact that the function of the Clerk of Courts in providing transcripts in forma pauperis to criminal defendants and their counsel is an integral part of the judicial process governed by the Court, any claim against the Clerk of Courts or its employees regarding that performance is barred by the doctrine of absolute judicial immunity.

**Statute of Limitations**

Plaintiff's claims are also barred by the applicable two-year statute of limitations. Page 5 of Plaintiff's pleading asserts that defendants refused to provide him with transcripts or documents of his criminal trial for the past (11) eleven years and that Judge Domitrovich by order dated April 14, 2003, directed defendants to furnish court records and transcripts to Plaintiff within (14) fourteen days. Portions of Plaintiff's claims based upon acts occurring more than two years prior to filing his complaint are time barred under Pennsylvania's two-year personal injury limitations period, running separately as to each alleged act, rather than from the last alleged act. Kost v. Kozakiewicz, 1 F.3d 176, 191 (3d Cir. 1993); Heck v. Humphrey, supra. 2373.

**Conclusion**

Plaintiff's claims against the Clerk of Courts, Patrick L. Fetzner, and Clerk of Courts employee, Sharon Winkler, for allegedly not providing Plaintiff with transcripts during the course of his criminal proceedings are barred by the following: (1) doctrines of absolute judicial immunity as relating to a function integral to and governed by the judicial process; (2) res judicata and collateral estoppel as having been both finally litigated and not appealed and finally litigated with regard to any underlying harm resulting from Plaintiff's guilty plea and conviction; (3) for failure to state a claim cognizable under section 1983 due to assertions in his pleading that he is not challenging his criminal conviction, has not demonstrated a predicate harm in the way of a successful challenge to his guilty plea or an adequate claim of conspiracy; and (4) the two year statute of limitations in light of his assertions of a deprivation of a right to transcripts for eleven years. Due to Plaintiff's inclusion in his pleading of portions of the record of his state court criminal proceeding, the record already being before this Honorable Court in Plaintiff's other actions, and the fact that the materials in the Appendix hereto are copies of the Court's official record, this Court may take judicial notice thereof. Defendants also join in any motion to dismiss on behalf of the other named defendants as the claims against them are meritless and a necessary predicate to the claims asserted against these defendants. Lastly, Plaintiff's pleading should be stricken pursuant to Federal Rule of Civil Procedure 12(f) for failure to comply with the Federal Rules of Civil Procedure and because it is replete with impertinent and immaterial matter.

WHEREFORE, we respectfully request this Honorable Court to grant Defendants' Motion to Dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

BY: s/Kenneth J. Gamble
     Kenneth J. Gamble, Esquire
     PA 62682
     140 West 6th Street
     Erie, PA 16501
     814-451-6070
     kgamble@eriecountygov.org
     Attorney for Defendants,
     Patrick L. Fetzner and
     Sharon Winkler