DEFENDANT'S EXHIBIT 7

J. S51028/96

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| v. | : | PENNSYLVANIA |
| | : | Pittsburgh Office |
| RANDOLPH S. TANGLE, | : | |
| | : | No. 01406 Pittsburgh, 1996 |
| Appellant | : | |

Appeal from the P.C.R.A. of the Court of
Common Pleas, Erie County, Criminal Division,
at No. 1833 C.P. 1993.

BEFORE: DEL SOLE, JOHNSON and BROSKY, JJ.

MEMORANDUM:                                              FILED: DECEMBER 19, 1996

Randolph S. Tangle appeals, pro se, from the May 27, 1994 trial court order denying his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§9541 et seq. Appellant had pled guilty to sixteen counts of receiving stolen property.

Although appellant lists five issues in his "Statement of the Questions Presented on Appeal", he does not argue these issues in the argument sections of his appellate brief and "Supplemental Brief". The only intelligible issues raised by appellant are that his counsel was ineffective for advising him to plead guilty, and, that his guilty plea was involuntary.[1] We affirm the order of the trial court.

---

[1] This is fortunate for appellant since, in a PCRA case, once a defendant has entered a plea of guilty, the only cognizable issues relate to the validity of the plea and the legality of the sentence. Commonwealth v. Williams, 442 Pa. Super. 590, 660 A.2d 614 (1995). We note that appellant has not raised any sentencing issues.

J. S51028/96

Our Court, in Commonwealth v. Blackwell, 436 Pa. Super. 294, 647 A.2d 915 (1994), quoting from Commonwealth v. Granberry, 434 Pa. Super. 524, ___, 644 A.2d 204, 207-208 (1994), stated,

> Our scope of review, when examining a post-conviction court's grant or denial of relief is limited to determining whether the court's findings were supported by the record and the court's order is otherwise free of legal error. Commonwealth v. McClucas, 378 Pa. Super. 202, 548 A.2d 573 (1988). The findings of the post-conviction court will not be disturbed unless they have no support in the record. Id.
>
> To be eligible for relief under the Post Conviction Relief Act, an appellant must plead and prove by a preponderance of evidence that his conviction resulted from ineffective assistance of counsel .... [Citations omitted.]

Id. at ___, 644 A.2d at 207.

Our Supreme Court stated in Commonwealth v. Crawley, 541 Pa. 408, 663 A.2d 676 (1995),

> In order to establish an ineffective assistance of counsel claim, the appellant must meet [a] three prong test.... Appellant must establish that the issue underlying the claim of ineffectiveness has merit. Second, appellant must establish that the course of action or inaction chosen by counsel had no reasonable basis in advancing appellant's interests. Third, appellant must establish that he suffered prejudice as a result of the counsel's action or inaction. Prejudice in this context has been defined to mean that appellant must establish that but for the arguably ineffective act or omission there is a reasonable probability that the result would have been different. Appellant bears the burden of proving all three prongs of this standard. Moreover, the law in Pennsylvania presumes that counsel was effective. [Citations omitted.]

J. S51028/96

Id. at ___, 663 A.2d at 679.

Our Court, in Commonwealth v. Kimball, ___ Pa. Super. ___, 683 A.2d 666 (1996), stated that "the prejudice standard is the same on direct appeal and under the PCRA". Id. at ___, 683 A.2d at 670.

Our Court stated in Commonwealth v. Blackwell, supra,

> The burden of establishing ineffective assistance of counsel rests upon the appellant since counsel's representation is presumed to be effective. Commonwealth v. Jones, 389 Pa. Super. 159, 566 A.2d 893 (1989). Appellant must demonstrate that counsel's omission or commission was arguably ineffective and the likelihood that appellant was prejudiced as a result thereof. Id.
>
> A claim of ineffectiveness of trial counsel must be raised at the first opportunity at which the counsel whose ineffectiveness is being challenged no longer represents the defendant. Commonwealth v. Miller, 388 Pa. Super. 7, 564 A.2d 975 (1989). "For the purposes of [the PCRA], an issue is waived if the petitioner failed to raise it and if it could have been raised...on...appeal or [in any] other proceeding actually conducted or in a prior proceeding actually initiated under [the PCRA]." 42 Pa.C.S. §9544(b). Appellant must also prove by a preponderance of the evidence that the allegation of error has not been previously litigated. 42 Pa.C.S. §9543(a)(3).[2]
>
> Pa.R.Crim.P. 1507(a) states, in pertinent part, "The [trial] judge shall promptly review the

---

[2] "[P]ost-conviction review of claims previously litigated on appeal cannot be obtained by alleging ineffective assistance of prior counsel and by presenting new theories of relief to support previously litigated claims." Commonwealth v. Christy, 540 Pa. 192, 202, 656 A.2d 877, 881 (1995).

-3-

J. S51028/96

> [PCRA] motion.... If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the motion ... [without a hearing][.]"
>
> The right to an evidentiary hearing on a post-conviction petition is not absolute. <u>Commonwealth v. Box</u>, 305 Pa. Super. 81, 451 A.2d 252 (1982). A hearing may be denied if a petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. <u>Id</u>. A post-conviction petition may not be summarily dismissed, however, as "patently frivolous" when the facts alleged in the petition, if proven, would entitle the petitioner to relief. <u>Id</u>.
>
> A defendant is only entitled to counsel during his or her first petition under the Post Conviction Relief Act. Pa.R.Crim.P. 1504(a).

<u>Commonwealth v. Blackwell</u>, <u>supra</u> at ___, 647 A.2d at 920-921.

In the instant case appellant did not challenge his guilty plea prior to his sentencing.

Our Court stated in <u>Commonwealth v. Blackwell</u>, 436 Pa. Super. 277, 647 A.2d 915 (1994),

> "An attempt to withdraw a plea of guilty after sentencing will only be granted where the defendant is able to show that his plea was the result of manifest injustice." <u>Commonwealth v. Holbrook</u>, 427 Pa. Super. 387, _, 629 A.2d 154, 158 (1993). To establish manifest injustice, a defendant must show that his plea was involuntary or was given without knowledge of the charge. <u>Id</u>. The decision to plead guilty must be personally and voluntarily made by a defendant. <u>Commonwealth v. Fluharty</u>, ___ Pa. Super.___, 632 A.2d 312 (1993). Pa.R.Crim.P.

J. S51028/96

319 mandates that the guilty plea be offered in open court, and, in order to determine the voluntariness of the plea and whether the defendant acted knowingly and intelligently, the trial court must, at a minimum, inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement? Commonwealth v. Fluharty, supra at ___, 632 A.2d at 314; Comment to Pa.R.Crim.P. 319. The trial court must determine if there is a factual basis for the plea [i.e., whether the facts acknowledged by the defendant constitute the offense(s) charged]. Commonwealth v. Fluharty, supra. The aforementioned constitute the only required inquiries regarding a guilty plea. Id.

The determination of whether the defendant understood the connotations of the plea and its consequences is made by an examination of the totality of the circumstances surrounding the plea. Id. Even if there is an omission or defect in the guilty plea colloquy, the guilty plea will not be deemed invalid if the circumstances surrounding the entry of the plea reveal that the defendant fully understood the nature and consequences of his or her plea and that he or she knowingly and voluntarily decided to plead guilty. Id. A defendant may knowingly and voluntarily plead guilty as a matter of strategy or expedience even though he or she is unable or unwilling to admit guilt regarding the crime(s) charged. Id. The bottom line is

J. S51028/96

> whether the defendant understood what he or she was doing, and our Court will look to the colloquy to determine whether he or she did. Id.

Id. at ___, 647 A.2d A.2d at 921-922.

Our Court stated in Commonwealth v. Iseley, 419 Pa. Super. 364, 615 A.2d 408 (1992),

> A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. A defendant will not be permitted to postpone the final disposition of his case by lying to the court concerning his culpability and thereafter withdraw his plea of guilty by contradicting his prior testimony and asserting innocence. [Citations omitted.]

Id. at ___, 615 A.2d at 414.

First, appellant alleges that his counsel was ineffective for failing to "evince exculpatory evidence ... from the District Attorney" and for failing to "investigate and raise substantive defenses" (appellant avers that these alleged omissions caused him to follow the advice of counsel and plead guilty), and, post-conviction counsel was ineffective for failing to request a hearing. Appellant's Brief at 12.

Appellant does not inform us what "exculpatory evidence" he wanted to obtain or how it could have helped his case. Appellant does not inform us what "defenses" he wanted investigated and raised. Finally, appellant does not inform us of the purpose of the desired post-conviction hearing. "Issues not properly developed or argued in the argument section of an appellate brief are waived."

J. S51028/96

Kituskie v. Corbman, ___ Pa. Super. ___, ___, 682 A.2d 378, 383 (1996).  Since appellant has failed to properly develop or argue these claims we find them to be waived.

Appellant also claims that his guilty plea was not voluntarily or knowingly entered into.

We have reviewed the December 8, 1993 guilty plea colloquy and find that appellant indicated that he understood the nature of the receiving stolen property charges, a factual and legal basis for the plea was established, appellant was informed and understood that he had a right to a jury trial, he was told and understood that he was presumed innocent until proven guilty, and, the permissible range of sentences was explained to him.  N.T., 12/8/93, at 1-18.  Hence, the trial court inquired into the relevant areas mandated by Commonwealth v. Blackwell, supra.  After each count was described factually and legally, appellant pled guilty to each count.  Appellant also stated that he was made no promises, regarding his possible sentence, in exchange for his guilty plea.  N.T., 12/8/93, at 8-9.  He stated that he was voluntarily pleading guilty and that the plea was not forced by anyone.  Id. at 9.  Appellant admitted that he was pleading guilty because he committed the instant crimes.  Id.  Appellant admitted that he knew that the items, which he sold "during an undercover sting operation", were stolen.  Id. at 15.  Appellant stated that he did not have any questions and that he understood everything that had transpired at the colloquy.  Id. at 17.  Our review of the instant record reveals that appellant has not

J. S51028/96

shown that his plea was the result of manifest injustice. We also find that the guilty plea was voluntary, and was knowingly and intelligently entered into. Hence, we find appellant's claim to be without merit. Commonwealth v. Blackwell, supra.

Since we have found all of appellant's issues to be waived or meritless, we affirm the order of the trial court denying appellant's PCRA petition.

Order affirmed.