DEFENDANT'S
EXHIBIT
8

COMMONWEALTH OF PENNSYLVANIA  :  IN THE COURT OF COMMON PLEAS
                             :  OF ERIE COUNTY, PENNSYLVANIA
                             :       TRIAL COURT DIVISION
           vs.               :
                             :
RANDOLPH S. TANGLE           :  NO.  1833 OF 1993

## ORDER OF COURT

AND NOW, to-wit, this First day of November, 2001, upon consideration of
Defendant's pro se Petition for Writ of Mandamus, pro se Application for
Assignment of Counsel and pro se Application for Request for Discovery to Inspect
Sealed Documents and Surveillance Tapes for Preliminary Objections and/or
Evidentiary Hearing, it is hereby **ORDERED, ADJUDGED AND DECREED** that said
Petitions are DENIED, based upon the following reasons:

A Writ of Mandamus is a civil action that must be initiated by filing a
complaint or an agreement for an amicable action with the Prothonotary, pursuant to
Pa.R.Civ.P 1093. The Erie County District Attorney's Office contacted a deputy
prothonotary and requested a review of the records on October 9, 2001, which
resulted in no appropriate filing being found.  Additionally, the docket number utilized
by Defendant is a criminal court docket.  Therefore, the Pennsylvania Rules of Civil
Procedure have been violated.

Furthermore, Pa.R.Civ.P 1091, requires that a procedure in Mandamus must
be in accordance with the rules relating to a civil action.  As previously mentioned,
Defendant has failed to file and serve the appropriate pleadings, as required by the
rules.

The Pennsylvania Appellate Courts have previously addressed the issues
raised herein by Defendant, as well as the federal court.  Defendant has failed to
raise any new issues and his action lacks a basis.  Also, the Writ of Mandamus filed
by Defendant would appropriately be treated in the nature of a Motion for Post
Conviction Collateral Relief (hereinafter PCRA).  Defendant has previously filed a
PCRA, which was subsequently denied.  Defendant filed said PCRA prior to the



current amendments to the PCRA statute; therefore, Defendant would have had to file his PCRA within one year of enactment of the amendments and/or within one year from the date judgment became final unless Defendant alleged and proved one of three circumstances, which Defendant has failed to do.  *See* Pa.C.S. §9545. Defendant's instant PCRA is untimely filed, since it was not filed within the one year grace period, nor was it timely filed after denial of his Federal Habeas Action.

Defendant's pro se Application for Appointment of Counsel is not appropriate in a civil action.  Further, under the PCRA statute, Defendant is entitled to counsel upon filing of the first PCRA; however, this is Defendant's second PCRA.

Defendant is not entitled to any further information, since he received all discovery in 1993.  Additionally, no viable cause of action is now pending before the court, thereby no further discovery is warranted.

BY THE COURT:

_____
Stephanie Domitrovich                              Judge

RECEIVED

NOV - 2 2001

COURT ADMINISTRATOR
TRIAL DIVISION

NOTICE WAS GIVEN TO EACH PARTY OR
COUNSEL OF RECORD BY ORDINARY MAIL
ON: _____ November 2, 2001 _____
Copy to:     Patricia J. Kennedy, Esq.
             Randolph S. Tangle, #CL-7635, SCI at Albion
             Court Administration
             Edward T. Brennan, Superintendent, SCI at Albion
             Senior Deputy Attorney General, Office of Atty. General,
                 16 Floor, Strawberry Square, Harrisburg, PA  17120
             Pennsylvania State Police, 1800 Elmerton Ave., Harrisburg,
                 PA  17110