DEFENDANT'S EXHIBIT 9

| | |
|---|---|
| RANDOLPH S. TANGLE, PRO-SE<br>                Petitioner<br>      v.<br>ERIE COUNTY COURT of COMMON PLEAS, SUPERINTENDENT WILLIAM J WOLFE, ERIE COUNTY DISTRICT ATTORNEY'S OFFICE, PA. STATE TROOPERS, D.A. BRADLEY H. FOULK, PROSECUTOR PATRICIA KENNEDY, (JOHN DOE) UNKNOWN PROTHONOTARY, FORMER ASSISTANT DISTRICT D.A. KENNETH A. ZAK,<br>                Respondents | : IN THE COURT OF COMMON PLEAS<br>: OF ERIE COUNTY, PENNSYLVANIA<br>:<br>: CIVIL ACTION - LAW<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Case No. 13812-2001 |

## ORDER

AND NOW, to-wit, this ___26___ day of November 2002, it is hereby ORDERED and DECREED that the Preliminary Objections in the Nature of a Motion to Strike Filed on Behalf of Respondent, Erie County District Attorney's Office are SUSTAINED.

Petitioner filed the instant Petition for Writ of Mandamus alleging: (A) Abuse of Process; (B) Denying the Petitioner disclosure of his criminal charges on warrant; (C) Denying the Petitioner his legal rights in filing a supression [sic] motion; (D) Prosecutorial Misconduct and Ineffective Assistance of Counsel; (E) False enter [sic] of arrest warrant affidavit information for Probable cause; (F) Deprivation of Petitioner's U.S. Constitution and PA. Const. Article Laws; and (G) Judicial Deception and Denial of having access to the Trial Courts. Petitioner



makes the following requests for relief: (A) To compel the District Attorney K. Zak , and the four (PSP) Troopers to correct information in the Petitioner's affidavit arrest warrant on his criminal charges; (B) Petitioner is requesting for disclosure and to inspection of sealed documents and view surveillance tapes at the Evidentiary Hearing or in camera Hearing; (C) Petitioner has a liberty interest and Due Process rights within the First and Fourteenth Amendment [sic]. For government officials – or – agency to perform their duties under Pa Statute laws to expunge false records and prejudice [sic] inform and from Petitioner's criminal charges in records. In violation of 42 PaCS § 8550 Willful Misconduct, on Fraud and Malice Acts, which injured Petitioner; (D) For the Trial Courts to hold, a non-jury Trial on civil right and constitutional issues, on civil right damages and sought relief for attorney fees 42 USC 1983 42 USC 1988, for wrongful confinement and the evil intent to harm Petitioner; (E) Petitioner is requesting for injunctive relief in being release [sic] from SCI Albion Prison Facility – or – Court Order for O.R. bond pending outcome of Mandamus action; (F) 42 USC § 1983 and 42 PaCS §1095, Compensatory damages and Punitive damage for each Respondent involve [sic] in violating the U.S. Constitution and Pa Constitution Article laws. Not exceeding, the damage amount of 250, 000 Two hundred and Fifty Thousand dollars in this Mandamus Action; (G) For Constitution damage (10,000.00) Ten-Thousand dollars each; (H) For Civil right [sic] violation (50,000.00) Fifty Thousand dollars each; and (I) 42 USC 1983 civil conspiracy – or – 42 USC 1983 retaliation claim.

All of these claims arise out of the proceedings related to Petitioner's criminal case at Erie County docket number 1833 of 1993. Indeed, the relief Petitioner requests is for the Court to allow him to begin the criminal proceedings anew. This Court finds that the instant Petition for Writ of Mandamus is actually in the nature of a Petition for Post-Conviction Collateral Relief (PCRA) in that Petitioner is collaterally attacking his criminal conviction. The PCRA is sole means for obtaining such relief; it encompasses all other common law and statutory remedies. *See* 42 Pa. C.S.A. § 9542. Thus, the Court finds that a Petition for Writ of Mandamus is an inappropriate method for Petitioner to obtain the relief he seeks. Accordingly, the Preliminary Objections are SUSTAINED, and the Motion to Strike is GRANTED.

BY THE COURT:

_____ J.

C: Randolph S. Tangle, Pro-se
Matthew McLaughlin, Esquire
Kema; A. Mericli, Senior Dep. Atty. General
Pennsylvania State Police Headquarters
District Attorney

Notice was given to each party or counsel of record by ordinary mail on 11/26/02.

3