DEFENDANT'S EXHIBIT 12

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE COURT OF COMMON PLEAS<br>: OF ERIE COUNTY, PENNSYLVANIA<br>: CRIMINAL DIVISION |
| vs. | : |
| RANDOLPH S. TANGLE | : No. 1833 of 1993 |

## ORDER

Domitrovich, J., March 18, 2003

AND NOW, to-wit, this 18th day of March 2003, after a thorough review of Defendant's Motion to Modify Sentence Nunc Pro Tunc (hereinafter referred to as "PCRA"), dated December 27, 2002, and appointed counsel's response, dated January 6, 2003, and a review of the record, this Court hereby notifies Defendant that this Court hereby ORDERS that Defendant's PCRA is DISMISSED.

The factual and procedural history are as follows: On December 8, 1993, Defendant, after signing Defendant's Statement of Understanding of Rights Prior to Guilty Plea, plead guilty to sixteen counts of receiving stolen property[1]. As part of a plea agreement, the Commonwealth nolle prossed sixteen counts of dealing in proceeds of unlawful activities[2]. On January 7, 1994, Defendant was sentenced as follows: count one, twenty-four (24) months to five (5) years of state incarceration consecutive a state revocation sentence at Docket Number 2680 of 1989; count three, twenty-four (24) months to seven (7) years of state incarceration consecutive to count one at Docket Number 1833 of 1993; and on each of the remaining fourteen (14) counts, Defendant was sentenced to twenty-four (24) months to four (4) years of state incarceration concurrent to the sentence at count three.

---

[1] 18 Pa.C.S. § 3925.
[2] 18 Pa.C.S. § 5111.

1

On January 11, 1994, Defendant filed a Motion for Modification in Sentence to Reduce and Modify Sentence which this Court denied in an Order dated January 12, 1994. Defendant did not take and appeal, however, on January 26, 1994 Defendant filed his first PCRA Petition and this Court assigned counsel to represent Defendant. On May 27, 1994, this Court denied Defendant's PCRA and appointed counsel was permitted to withdraw. On June 22, 1994, Defendant his Notice of Appeal. Thereafter, Defendant was directed, in an Order dated June 28, 1994, to file his Concise Statement of Matters Complained of On Appeal within fourteen days, but Defendant failed to comply. In a letter from the Superior Court of Pennsylvania Office of the Prothonotary, dated June 27, 1994, Deputy Prothonotary Eleanor Valecko indicated that Defendant's Notice of Appeal was incomplete and could not be filed. Defendant was advised to file an Amended Notice of Appeal indicating the specific order of the trial court the was being appealed. On June 25, 1996, Defendant filed an Amended Notice of Appeal. In an Order dated August 12, 1996, Defendant was again directed to file his Concise Statement of Matters Complained of On Appeal. On August 22, 1996, Defendant filed his concise statement and thereafter this Court filed its Opinion on August 27, 1996. In a Memorandum, dated December 19, 1996, the Pennsylvania Superior Court affirmed this Court's Order denying Defendant's first PCRA stating, "Our review of the instant record reveals that appellant has not shown that his plea was the result of manifest injustice. We also find that the guilty plea was voluntary, and was knowingly and intelligently entered into." *See, Superior Court of Pennsylvania Pittsburgh District Memorandum, dated December 19, 1996, pp. 7-8 (citation omitted).*

On September 28, 2001, Defendant, *pro se,* filed "Application Request for Discovery to Inspect Sealed Documents and Surveillance Tapes, For Preliminary Objections and/or- Evidentiary Hearing," a Petition for Writ of Mandamus, and a Application for Assignment of

Counsel. The Court gave respondent's thirty days, from the Order dated October 1, 2001, to file their response to Defendant. On November 1, 2001, the Court denied Defendant's Petition for Writ of Mandamus, Application for Assignment of Counsel, and Application for Request Application Request for Discovery to Inspect Sealed Documents and Surveillance Tapes, For Preliminary Objections and/or- Evidentiary Hearing.

On December 24, 2002, Defendant file an Application Request for Motion to Vacate Sentence and/or Correction of Illegal Sentence. On December 30, 2002, the Court treated Defendant's Application Request Sentence and/or Correction of Illegal Sentence as his second PCRA Petition and appointed counsel to represent Defendant in this matter. On January 6, 2003, Defendant's appointed counsel filed a Petition for Leave to Withdraw as Counsel along with a "no merit" letter stating:

> The Petitioner has now submitted the instant application which has been accepted as a PCRA and therefore constitutes a second PCRA. The instant Application accepted and treated as a PCRA Petition is patently untimely under 42 Pa.C.S.A. As this case preceded the 1995 amendments to the PCRA statute, the petitioner was mandated to file the instant Petition within one year from the effective date of the amendments, that being January 16, 1996. The Petitioner timely filed his initial PCRA, which was dismissed. As for the instant filing, the Petitioner has substantially exceeded the applicable time limitations in this case. The Petitioner has substantially exceeded the applicable time limitations in this case. The Petitioner has failed to aver or prove the applicability of the statutory exceptions. The validity of the plea proceeding and the legality of sentence have been reviewed and adjudicated in the initial PCRA. The instant PCRA is patently untimely. Therefore, I am compelled to conclude that there is no colorable claim for relief under the PCRA.

*See, Appointed Counsel's "No Merit Letter," dated January 6, 2003.* On February 24, 2003, this Court notified Defendant of its intent to dismiss his second PCRA without a hearing and gave him twenty (20) day to file objections.

The PCRA's sole purpose is to provide relief to those individuals who have been convicted of crimes for which they did not commit, or who are serving illegal sentences. See 42 Pa.C.S. §9542. The

3

PCRA is not a means to re-litigate issues which were previously addressed on direct appeal or that could have been raised previously. *Commonwealth v. Buehl*, 540 Pa. 493, 658 A.2d 771 (1995). Further, it is not a tool to correct technical or procedural errors, which occurred during the conviction process. *Commonwealth v. Rightnour*, 469 Pa. 107, 364 A.2d 927 (1976). All PCRA's, including second or subsequent ones, must be filed within one year of the date the judgment becomes final, which is at the conclusion of direct review, or the expiration of the deadline for seeking review. *See* 42 Pa.C.S. §9545(b)(3). In addition, "It is a well-settled principle of law that if a PCRA petition is untimely, a court lacks jurisdiction to address the claims therein." *Commonwealth v. Camps*, 772 A.2d 70 (Pa.Super. 2001); *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780 (2000).

Appellant's second petition is governed by section 9545(b) which provides in pertinent part as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> ...
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review...or at the expiration of time for seeking the review.
>
> (4) For purposes of this subchapter, "government officials" shall not include

4

defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545(b), *See also, Commonwealth v. Conway,* 706 A.2d 1243 (Pa.Super. 1997).

Defendant's judgment of sentence became final thirty days after the order denying Defendant's post trial motion was entered which was Monday, February 14, 1994. Defendant's second PCRA petition, filed on December 24, 2002, is nearly eight years after that date and does not fall within any of the exceptions set forth in section 9545(b)(1). In *Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214, (1999), Pennsylvania Supreme Court state:

> This court has made clear that the time limitations pursuant to the amendments to the PCRA are jurisdictional. *Banks; Peterkin*....Jurisdictional time limits go to a court's right or competency to adjudicate a controversy. These limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits.

*Id.* 558 Pa. at 328-329. Accordingly, the claims Defendant raises in his second PCRA Petition must be dismissed without a hearing since this Court is without jurisdiction to hear the matter.

For all of the foregoing reasons, Defendant's PCRA is hereby dismissed.

BY THE COURT:

*/s/ Stephanie Domitrovich*
Stephanie Domitrovich         Judge

cc: District Attorney's Office
    William Hathaway, Esquire, on behalf of Defendant
    (By certified mail) Randolph S. Tangle, CL-7635, 10745 Route 18 Albion, PA 16475