J-S62023-03

DEFENDANT'S
EXHIBIT
16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RANDOLPH SCOTT TANGLE, | : | **RECEIVED** |
| | : | JAN 3 0 2004 |
| Appellant | : | NO. 687 WDA 2003 |
| | | CLERK OF COURTS |
| | | CRIMINAL DIVISION |

Appeal from the PCRA Order Entered March 18, 2003,
In the Court of Common Pleas of Erie County, Pennsylvania,
Criminal, at No. 1833-1993

BEFORE: HUDOCK, GRACI, JJ., and McEWEN, P.J.E.

MEMORANDUM:                    FILED: DECEMBER 12, 2003

Randolph Tangle ("Tangle") appeals from the order dismissing his second petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we find the petition to be untimely and affirm the order of the PCRA court.

## I.    FACTUAL AND PROCEDURAL HISTORY

On December 8, 1993, Tangle pleaded guilty to sixteen counts of receiving stolen property, 18 Pa.C.S.A. § 3925. On January 7, 1994, was sentenced as follows: on count one, twenty-four months to five years' imprisonment consecutive to a state revocation sentence at Docket Number 2690 of 1989; on count three, twenty-four months to seven years' imprisonment consecutive to count one at Docket Number 1833 of 1993; and on each of the remaining fourteen counts, Tangle was sentenced to

J-S62023-03

twenty-four months' to four years' imprisonment concurrent to the sentence at count three.

On January 11, 1994, Tangle filed a "Motion for Modification in Sentence to Reduce and Modify Sentence" that the trial court denied on January 12, 1994. No direct appeal was filed. On January 26, 1994, Tangle filed his first PCRA Petition and the PCRA court assigned counsel to represent Tangle on March 15, 1994. Thereafter, appointed PCRA counsel filed a petition for leave to withdraw as counsel and a no merit letter dated May 18, 1994. On May 27, 1994, the PCRA court, after proper notice, granted appointed counsel's request to withdraw and denied Tangle's petition and Tangle appealed *pro se* to this Court. On December 19, 1996, this Court affirmed the decision of the PCRA court.

On September 28, 2001, Tangle filed a *pro se* "Application Request for Discovery to Inspect Sealed Documents and Surveillance Tapes For Preliminary Objections and/or Evidentiary Hearing," a Petition for Writ of Mandamus, and a Application for Assignment of Counsel. The trial court denied these petitions.

On December 24, 2002, Tangle filed an "Application Request for Motion to Vacate Sentence and/or Correction of Illegal Sentence." The lower court treated this as a second PCRA Petition and appointed counsel to represent Tangle.

> [Tangle's] appointed counsel filed a Petition for Leave to Withdraw as Counsel along with a "no merit" letter stating:

The Petitioner has now submitted the instant application which has been accepted as a PCRA and therefore constitutes a second PCRA. The instant Application accepted and treated as a PCRA Petition is patently untimely under 42 Pa.C.S.A. As this case preceded the 1995 amendments to the PCRA statute, the petitioner was mandated to file the instant Petition within one year from the effective date of the amendments, that being January 16, 1996. The Petitioner timely filed his initial PCRA, which was dismissed. As for the instant filing, the Petitioner has substantially exceeded the applicable time limitations in this case. The Petitioner has substantially exceeded the applicable time limitations in this case. The Petitioner has failed to aver or prove the applicability of the statutory exceptions. The validity of the plea proceeding and the legality of sentence have been reviewed and adjudicated in the initial PCRA. The instant PCRA is patently untimely. Therefore, I am compelled to conclude that there is no colorable claim for relief under the PCRA.

Opinion, 05/15/03, at 3 (citing No Merit Letter, 01/06/03).

On February 24, 2003, the PCRA court afforded Tangle twenty days notice of its intent to dismiss his second PCRA petition without a hearing. On March 18, 2003, the PCRA court dismissed Tangle's PCRA petition as untimely. Tangle's PCRA counsel was permitted to withdraw on March 27, 2003. Tangle filed a timely *pro se* notice of appeal on April 10, 2003, and provided a Statement of Matters Complained of on Appeal on April 28, 2003. On May 15, 2003, the trial court issued an opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure. In his Statement of Matters Complained of on Appeal, Tangle raises twenty-seven issues that roughly correlate to the twenty issues he presents for our review in his brief and reply brief.

J-S62023-03

## II.    DISCUSSION

In reviewing the propriety of the PCRA court's dismissal of the petition, we are limited to determining whether the court's findings are supported by the record, and whether the order is free of legal error. ***Commonwealth v. Kutnyak***, 781 A.2d 1259 (Pa. Super. 2001).

. . .

We begin our analysis by noting that the timeliness requirements of 42 Pa.C.S.A. § 9545(b) are jurisdictional in nature, and the courts lack jurisdiction to grant PCRA relief unless the petitioner can plead and prove that one of the exceptions to the time bar applies. ***Commonwealth v. Pursell***, 561 Pa. 214, 749 A.2d 911, 913-914 ([Pa.] 2000). "[W]e must, as a threshold matter, determine whether the petition should be dismissed as untimely." ***Commonwealth v. Fahy***, 558 Pa. 313, 737 A.2d 214, 217 ([Pa.] 1999).

***Commonwealth v. Davis***, 816 A.2d 1129, 1133 (Pa. Super. 2003)

The timeliness requirements of the PCRA are contained in 42 Pa.C.S.A.

§ 9545(b) as follows:

**(b) Time for filing petition.—**

(1)    Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the

- 4 -

J-S62023-03

> United States or the Supreme Court of
> Pennsylvania after the time period provided in this
> section and has been held by that court to apply
> retroactively.
>
> (2)  Any petition invoking an exception provided in
> paragraph (1) shall be filed within 60 days of the date
> the claim could have been presented.
>
> (3)  For purposes of this subchapter, a judgment becomes
> final at the conclusion of direct review, including
> discretionary review in the Supreme Court of the United
> States and the Supreme Court of Pennsylvania, or at
> the expiration of time for seeking the review.
>
> (4)  For purposes of this subchapter, "government officials"
> shall not include defense counsel, whether appointed or
> retained.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), (2), (3), and (4).

Tangle's judgment of sentence became final on February 7, 1994, after

the expiration of the thirty-day appeal period following the imposition of

sentence. **See** Pa.R.A.P 903(a); 42 Pa.C.S.A. § 5505; 42 Pa.C.S.A. §

9545(b)(3).[1]   Tangle's second petition was not filed until December 24,

2002, over eight years after his judgment of sentence became final.  On its

face, Tangle's second petition is clearly untimely.  However, Tangle asserts

---

[1]     Under previous Pa.R.Crim.P. 1410 adopted May 22, 1978, effective as
to cases in which sentence was imposed on or after July 1, 1978, rescinded
March 22, 1993, and effective as to cases in which the determination of guilt
occurred prior to January 1, 1994, a motion to modify sentence had to be
filed within ten days of sentence.  If the motion was not granted, a notice of
appeal had to be filed within thirty days of the imposition of sentence.
Because the trial court did not grant Tangle's January 11, 1994, motion to
modify his sentence, his notice of appeal had to be filed by February 7,
1994.  As no notice of appeal was filed, Tangle's sentence became final on
that date.  **See** 42 Pa.C.S.A. § 9545(b)(3).

J-S62023-03

that his petition falls under the timeliness exceptions of 42 Pa.C.S.A. § 9545(b)(1)(i) and (ii).

In order to succeed under the governmental interference exception, Tangle must plead in his petition that he was unable to present a meritorious claim in a timely manner because government officials interfered with the presentation of the claim in violation the law. 42 Pa.C.S.A. § 9545(b)(1)(i). Tangle's petition must also show that he filed his instant PCRA petition within sixty days of his first opportunity to overcome the government interference. 42 Pa.C.S.A. § 9545(b)(2).   In this appeal, Tangle makes several bald allegations of police, prosecutorial and judicial interference, but he wholly fails to explain how this interference prevented him from filing his petition in a timely matter.   More importantly, Tangle failed to plead these claims of interference by government officials in his PCRA petition. 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999). Thus, Tangle's present claims of government interference do not satisfy the requirements for this exception to the jurisdictional time limits of the PCRA.

Tangle also presents several issues that raise the claim that the after-discovered evidence exception of 42 Pa.C.S.A. § 9545(b)(1)(ii) applies.

> In order to succeed under this exception and avoid the PCRA time bar, [the petitioner] must plead and prove that the facts upon which the claim is predicated were unknown to him and could not have been ascertained earlier by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii). **See Commonwealth v. Bronshtein**, 561 Pa. 611, 752 A.2d 868, 870-71 ([Pa.] 2000), **citing Commonwealth v. Beasley**, 559 Pa. 604, 741 A.2d 1258, 1261 ([Pa.] 1999). In addition, he has to show that these

J-S62023-03

> new facts constitute "exculpatory evidence" that "would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543 (a)(2)(vi); ***Commonwealth v. Yarris***, 557 Pa. 12, 731 A.2d 581, 588, 590, 591 ([Pa.] 1999).

***Commonwealth v. Palmer***, 814 A.2d 700, 706 (Pa. Super. 2002).

In his PCRA petition, Tangle claims he has recently discovered exculpatory evidence in the form of an unsworn affidavit of a former accomplice, dated December 5, 2002. However, this evidence does not qualify as after-discovered evidence under the PCRA because Tangle obviously had knowledge of this potential witness and could have obtained his testimony prior to his conviction. Tangle is unable to succeed under the after-discovered evidence exception because the facts upon which his claim is predicated could have been ascertained earlier by the exercise of due diligence. Accordingly, this exception, like the first, offers him no relief.

Among the many issues raised by Tangle on this appeal, Tangle claims that the PCRA court abused its discretion by appointing "worthless" counsel to assist Tangle with his second PCRA petition. Appellant's brief, at 12. There is no automatic right to counsel for a second PCRA petition. ***Commonwealth v. Austin***, 721 A.2d 375, 379 n.4 (Pa. Super. 1998). However, counsel may be appointed "whenever the interests of justice require it." Pa.R.Crim.P. 904(C). A PCRA court is only required to appoint counsel for an unrepresented petitioner if the court finds that the second PCRA petition requires a hearing. Pa.R.Crim.P. 904(B).

J-S62023-03

In the instant case, the PCRA court did not find that a hearing was required and was not required to appoint counsel. The PCRA court did, however, appoint counsel to assist Tangle. After reviewing Tangle's claims, his appointed counsel filed a no merit letter concluding that the petition was untimely and was permitted to withdraw.

On this appeal, Tangle claims that the PCRA court abused its discretion by appointing ineffective counsel. However, because Tangle's second PCRA petition did not require a hearing, the trial court was not required to appoint counsel for Tangle and cannot be found to have abused its discretion for making such an appointment.[2]

### III.    CONCLUSION

The PCRA court properly concluded that Tangle's second petition was untimely. Accordingly, under the PCRA, the court lacked jurisdiction and was barred from addressing the merits of Tangle's claims. Because Tangle failed to plead and prove that his petition fell under the timeliness exceptions of the PCRA, we will not address the merits of his claims.

---

[2] We note that the PCRA court appointed the same counsel to assist Tangle with his first PCRA petition. After that appointment, counsel also sought leave to withdraw (in conjunction with a no-merit letter) and was permitted to withdraw. On a *pro se* appeal of the order denying that petition, Tangle alleged that appointed counsel was ineffective. This court found that Tangle had waived the issue of ineffectiveness and affirmed the PCRA court's order. In a situation where an appointment was required (and this is not one as we explain in text), it would be inappropriate to appoint an attorney who had been granted leave to withdraw from representation in an earlier stage of the proceedings.

J-S62023-03

The order dismissing Tangle's second PCRA petition was supported by the record and free of legal error.

Order affirmed.

Judgment Entered:

*Eleanor R. Valecko*

Deputy Prothonotary

DATE: DECEMBER 12, 2003