Defendants
Exhibits
17

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RANDOLPH S. TANGLE,              )
        Plaintiff,              )
                     )    **C.A. No. 05-114 ERIE**
        v.              )    **1:05-cv-00114-SJM-SPB**
                     )
CITY OF ERIE, et al.              )
        Defendants.              )

## <u>NOTICE OF REMOVAL</u>

You are hereby notified by Defendants, Patrick L. Fetzner, Clerk of Courts and Sharon Winkler, Clerk of Courts employee, that, pursuant to 28 U.S.C. Sect. 1441 and 1446, the action filed in the Erie County Court of Common Pleas at No. 12200-2005 is removed to the United States District Court for the Western District of Pennsylvania for the following:

1.    The claims asserted in the above pro se civil rights action have also been asserted in an action filed in the Erie County Court of Common Pleas at No. 12200-2005.

2.    Plaintiff's pleading alleges claims pursuant to 28 U.S.C. 2241-2254, the Pennsylvania Constitution and the U.S. Constitution and is based upon the same circumstances and allegations now before this Court at the above captioned action, which is the subject of a motion to dismiss.

3.    This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. 1331 and 1343, and the action is thereby removable to this Court pursuant to the procedures authorized by 28 U.S.C. 1441.

4.    Defendants have not been properly served with the Complaint in the state action.

5.    Notice of Removal has been provided to Plaintiff and the Prothonotary of the Court of Common Pleas of Erie County, Pennsylvania.

WHEREFORE, Defendants Patrick L. Fetzner and Sharon Winkler respectfully request that this Court remove the above-captioned action pending in the Court of Common Pleas of Erie County to the United States District court for the Western District of Pennsylvania.

Respectfully submitted,


BY:s/Kenneth J. Gamble
        Kenneth J. Gamble, Esq.
        PA 62682
        Attorney for
        Defendants
        140 West 6th Street
        Erie, PA 16501
        814-451-6070
        kgamble@eriecountygov.org

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the within

Notice of Removal was mailed to the following listed below this 26th day of

August, 2005 by United States First Class mail, postage pre-paid.


Randolph S. Tangle
John Onorato, Esquire
Heather Purcell, Esquire
Erie County Prothonotary

BY:<u>s/Kenneth J. Gamble</u>
    Kenneth J. Gamble, Esq.
    PA 62682
    140 West 6th Street
    Erie, PA 16501
    814-451-6070
    kgamble@eriecountygov.org
    Attorney for Defendants

PYS510D                          Erie County Prothonotary
                              Civil Case Inquiry Screen

**2005-12200 RANDOLPH S TANGLE (vs) ROBERT SHANNON, AL**

Reference No..:                              Filed Date....:
Case Type.....: HABEAS CORPUS PETITION       Filed Time....:    6/03/2005
Judgment......:                              Execution Date:        12:43
Judge Assigned:                              Jury Trial?...:
Disposed Desc.:                              Disposition Dt:
----------- Case Comments -------------      Higher Court 1:
                                             Higher Court 2:


**GENERAL**

      _   TANGLE RANDOLPH S                PLAINTIFF
      _   SHANNON ROBERT                   DEFENDANT
      _   ERIE COUNTY COURTHOUSE           DEFENDANT
          EMPLOYEES                                                      +
**JUDGMENTS**

              - - - - -  - - - - -  **FIRST ENTRY**  - - - - - - - - - - - -
     6/03/05 CAPTION: RANDOLPH S. TANGLE VS. ROBERT SHANNON, SUPERINTENDENT OF
             SCI-FRACKVILLE PRISON; ERIE COUNTY COURTHOUSE (EMPLOYEES), DISTRICT
             ATTORNEY, BRADLEY FOULK; CHIEF COURT REPORTER, JIM MUSCARELLA;
             CLERK OF COURTS OFFICE, SHARON WINKLER
             ------------------------------------------------------------------
  _  6/03/05 MOTION TO PROCEED IN FORMA PAUPERIS, DECLARATION IN SUPPORT OF
             MOTION TO PROCEED IFP, MOTION FOR RELIEF OF COPIES AND SERVICE,
             WRIT OF HABEAS CORPUS, WITH EXHIBITS ATTACHED, VERIFICATION OF
             STATEMENTS, PROOF OF SERVICE.  F/RANDOLPH S TANGLE. 1 COPY FORWARD-
             ED TO COURT ADMINISTRATION. 1 COPY FORWARDED TO R TANGLE.
                                    015 Image page(s) exist(s) for this entry
             ------------------------------------------------------------------
  _  6/17/05 ORDER DTD 6-17-2005: IT IS HEREBY ORDERED AND DECREED THAT PETI-
             TIONERS MOTION FOR RELIEF OF COPIES AND SERVICE IS DENIED. S/FRED
             P ANTHONY, JUDGE.                                               +
      Select Entries With "I" To Display Image(s)  Or "P" To Print Image(s)
             ------------------------------------------------------------------
  _  6/17/05 ORDER DTD 6-17-2005: IT IS HEREBY ORDERED THAT PETITIONERS MOTION
             FOR PERMISSION TO PROCEED IN FORMA PAUPERIS IS GRANTED. S/FRED P
             ANTHONY, JUDGE.
                                    016 Image page(s) exist(s) for this entry
             ------------------------------------------------------------------
  _  6/29/05 PETITIONER CHANGE OF ADDRESS NOTICE, TO THE CLERK'S OFFICE OF
             RANDOLPH TANGLE: NEW ADDRESS: ERIE C.C. CENTER, CL-7635, 137 WEST
             2ND STREET, ERIE PA 16507 W/CERT OF SERVICE. F/RANDOLPH TANGLE.
                                    002 Image page(s) exist(s) for this entry
             - - - - - - - - - - - - - - **LAST ENTRY** - - - - - - - - - - - -



     Select Entries With "I" To Display Image(s)  Or "P" To Print Image(s)
  F2=Done  F10=Print  F12=Cancel  F17=Top  F18=Bot



                                              CERTIFIED COPY
                                              _Jenna M. Freese_
                                                 Prothonotary

12200-05

RANDOLPH S. TANGLE
CL-7635
SCI FRACKVILLE
1111 ALTAMONT BLVD
FRACKVILLE, PA   17931

Office of Clerk of Records
Prothonotary's Office, Room 120
Erie County Courthouse
140 West Sixth Street
Erie, PA   16501

615-05

        Re:  Motion To Proceed In Forma Pauperis,
             Declaration In Support Of Motion To Proceed IFP,
             Motion For Relief Of Copies And Service,
             Writ Of Habeas Corpus, With Exhibits Attached,
             Verification Of Statements,
             Proof Of Service

Erie County, Prothonotary's Office:
     Enclosed please find one original and three copies of the
above mentioned documents.


     Please file accordingly and please send me a time stamped
copy.


     Thank you for your time and consideration in this matter.

Dated: MAY 30, 2005                      Sincerely Written By:

                                   Randolph S. Tangle CL-7635
                                   Randolph S. Tangle, CL-7635

Enclosure
cc:  file
     Prothonotary Office

                                        CERTIFIED COPY

                                        Prothonotary

## IN THE COURT OF COMMON PLEAS OF ERIE COUNTY PENNSYLVANIA
## CIVIL COURT DIVISION

RANDOLPH S. TANGLE, Pro-se          :

            Petitioner          :     Court Case Docket

                       :     No.

        v.          :

                       :

ROBERT SHANNON, etal.          :

           Respondent          :

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, Randolph S. Tangle, pro-se, am the petitioner in the above entitled case. In support of my motion to proceed without being required to prepay fees-or-cost or give security, therefore, I state that because of my poverty, I am unable to pay the cost of said proceedings and I believe I am entitled to redress pursuant to Rule 551 Pa.R.A.P. and Pa. Constitution Article 1 § 14 Writ of Habeas Corpus, Pa. Constitution Article 1 § 20 Right to Petition. Which are subjected to the penalties set forth in Title 18 Pa. CS § 4904 relating to Unsworn Falsification to Authorities.

I declare that the responses that I have made below are true.

1.  I am presently employed in Food Service, and only receive $35.00 dollars a month as kitchen payment to work.

2.  I have not received any income from a business, pensions

or other form of employment or in the form of rent, interest, dividends, annuities, social security benefits, support payments or other sources.

3.  Nor do I own any cash, bank checking or saving account. I do not own any real estate, stocks, bonds, or notes.

4.  I am aware of the above statements are subject to perjury fines and punishment under felony laws of Pennsylvania.


Dated: MAy 30, 2005

(S) *Randolph S. Tangle* CL-7635

Randolph S. Tangle, CL-7635

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY PENNSYLVANIA
CIVIL COURT DIVISION

RANDOLPH S. TANGLE, Pro-se      :
          Petitioner      :     Court Case Docket
                             :     No.
         v.                 :
                             :
ROBERT SHANNON, etal.      :
          Respondent      :

**MOTION FOR PERMISSION TO PROCEED IN FORMA PAUPERIS**

Now comes Randolph S. Tangle seeking permission to litigate this action IFP and in support thereto the following:

1.     I am an inmate serving his sentence at SCI-Frackville prison as a parole violator for $5\frac{1}{2}$ years.

2.     I am unable to prepay the costs and fees required for this civil action in state court Writ of Habeas Corpus petition.

3.     As a result of my pauperis status, I am seeking permission to litigate in forma pauperis.

4.     I have attached a declaration in support of this motion.

     **WHEREFORE,** I pray that this Honorable Court will grant this motion and allow me to proceed IFP status.

Dated: MAY 30, 2005

                         Sincerely Written By:

                         *Randolph S. Tangle* CL-7635
           (S)_____

                         Randolph S. Tangle, CL-7635

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY PENNSYLVANIA
CIVIL COURT DIVISION

RANDOLPH S. TANGLE, Pro-se    :
                 Petitioner    :    Court Case Docket
                               :    No.
          V.                   :
                               :
ROBERT SHANNON, etal.          :
                 Respondent    :

MOTION FOR RELIEF OF COPIES AND SERVICE

Now comes, Randolph S. Tangle, the petitioner in the above captioned matter.

Petitioner avers to this Honorable Court that In Forma Pauperis status understates the impoverishment of this petitioner.

Petitioner request this Honorable Court to direct the Clerk of Courts to accept a solitary copy of all future Documents, Appeals, Motions and Responses in this matter as sufficient and for the Clerk of Courts to supply service to the Respondents in this action.

Dated: MAy 30, 2005

Respectfully submitted,

*Randolph S. Tangle* CL-7635
(S)_____
Randolph S. Tangle, CL-7635
SCI FRACKVILLE
1111 Altamont Blvd.
Frackville, PA 17931

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY PENNSYLVANIA
CIVIL COURT DIVISION

RANDOLPH S. TANGLE, Pro-se         :
            Petitioner             :   Court Case Docket
                                   :   No.
        V.                         :
                                   :
ROBERT SHANNON, Superintendent     :
of SCI-Frackville Prison; Erie     :
County Courthouse (EMPLOYEES),     :
District Attorney, BRADLEY         :
FOULK; Chief Court Reporter, JIM   :
MUSCARELLA; Clerk of Courts        :
Office, SHARON WINKLER             :
            Respondents            :

MEMORANDUM IN SUPPORT OF PETITION FOR
WRIT OF HABEAS CORPUS, CIVIL COMPLAINT

TO:  The Honorable President Judge -or- residing Judge in the
     Court of Common Pleas of Erie County.  Pursuant to title
     42 Pa.CS § 762 and Pa. Constitution Article 1 § 14.


     State prisoner, Randolph S. Tangle, pro-se litigant herein
and after, who resides at SCI-Frackville, 1111 Altamont Blvd.;
Frackville, PA 17931; and who is now seeking a state court Writ
of Habeas Corpus from this Honorable Court for sought remedy
and extraordinary relief in this situation.


I.   **JURISDICTION OF STATE COURT EXERCISED**

     Pursuant to titles under Federal laws, 28 USC § 2241-2254

1

and 42 Pa.CS § 6501-6505. On the presumption of clear and convincing evidence, that the petitioner's Federal Constitutional rights have been violated, which determine a factual basis for this writ of habeas corpus. See <u>Williams v. Taylor</u>, 120 S.Ct. 1479 (200); see also <u>Chadwick v. Caulfield</u>, 834 A.2d 562 (Pa.Sup.2003).

## II.  THE RESPONDENTS POSITION AND TITLE STATUS

Robert Shannon, who is the Superintendent of the State Correctional Institution Frackville is illegally detaining the petitioner in confinement of custody for incorrect sentence herein.

Employees of Erie County Courthouse, District Attorney's Office, Bradley Foulk, Jim Muscarella, Chief Court Reporter, Sharon Winkler, Clerk of Courts Office and the Erie County Court Administrator (Each) of employees are the respondents.

## III.  INTRODUCTION

Petitioner Tangle is proceeding in pro-se litigation and he is a layman to the laws, and the court must interpret the contents of these pleadings with respect to the holding in, <u>Sanders v. United States</u>, 83 S.Ct. 1068, which held:

> An applicant for such relief ought not be held to the niceties of a lawyers pleading or be cursorily dismissed because his claims seems unlikely to be meritorious. On denial of access to the Court, liberty of speech and Due Process violations.

## IV.  SCOPE & STANDARD FOR REVIEW

This Honorable Court's scope and standard for review is

whether a Habeas petition is an appropriate avenue to compel District Attorney's Office and Courthouse Employees to perform discretionary act or function where its duty to perform that act is mandated by law. If the Erie County District Attorney's Office and Courthouse Employees has refused to perform acts based on rules and regulations on procedures for Pa. Rules of Professional Conduct or Practices. Because of their erroneous interpretation of Pa. Statute, laws at Constitutional level in securing a criminal conviction.

## V.  STATEMENT OF THE CASE & FACTUAL HISTORY

On July 23, 1993, Pennsylvania State Police Troopers arrested the petitioner and charged him with (16) counts of Receiving Stolen Property. On August 30, 1993, a Preliminary Hearing was conducted on the above criminal charges. The contents of those charges, however, was not disclosed to the petitioner. On October 23, 1993, an Arraignment Hearing was conducted, the petitioner challenged the evidence used by the prosecutor and claimed that the evidence was tainted. On December 8, 1993, petitioner was forced to plead guilty to Sixteen (16) counts of Receiving Stolen Property, without corrections.

On January 7, 1994, Judge S. Domitrovich imposed a 4 to 12 years of imprisonment, in his Order the stated the following:

> "Count one, twenty four (24) months to five (5) years
> of state incarceration, Consecutive to state revocation
> sentence at docket number 2680 of 1989; count three,
> twenty four (24) months to seven (7) years of state
> incarceration consecutive to count one at docket number
> 1833 of 1993; and on each of the remaining fourteen
> (14) counts, the petitioner is sentenced to twenty
> four (24) months to four (4) years of state
> incarceration running concurrent to the sentence at
> count three."

3

## VI.    REASON FOR INACCURATE CRIMINAL INDICTMENT CHARGES

In February 1, 1983, the petitioner was charged with Attempted Burglary, Court Case No. 215-1983. Petitioner was convicted by a jury and Judge Fred P. Anthony sentenced the petitioner to a 4 to 8 term of imprisonment. Petitioner was represented by Kenneth A. Zak.

On August 30, 1993, Preliminary Hearing for the petitioner and former attorney Kenneth A. Zak was at this time Assistant Prosecutor and all criminal charges were bound over to the Court of Common Pleas. Tainted evidence was challenged and over-looked by counsel, Kathy Claunch.

At the Courthouse Arraignment, the petitioner, pro-se, submitted an Omnibus Pretrial Motion for Relief, against the tainted evidence. In a retaliatory act, Court Case No. 1833-1993 was removed from Judge Shad Connelly courtroom and changed to Judge Stephanie Domitrovich. Assistant Prosecutor and Counsel for petitioner supported fabrication of evidence.

"On and off" court records, Erie County Courthouse Employees, supported inaccurate information of the petitioner's criminal counts one and two arrest indictments. Assistant Prosecutor, Kenneth A. Zak, was acting in his investigative stage instead of as an advocate. See Milstien v. Cooley, 257 F.3d 1004, 1011 (9th Cir.2001).

## VII.    EXHAUSTION OF STATE COURT & ADMINISTRATIVE REMEDIES

Petitioner Tangle claims and states; that he attempted to raise his claims through Post Conviction Relief Act petitions,

4

numerous times. "Also" the exhaustion requirements under civil action of mandamus are also waived and are not jurisdictional in this court case because Erie County, Court of Common Pleas, Court Judge Fred P. Anthony, had redressed claims and stated issues on civil action litigation by way of Writ of Mandamus Petition case docket No. 13812 (Exhausted claims was confronted).

## VIII. QUESTIONS PRESENTED FOR REVIEW

1. Petitioner alleges that the Erie County, District Attorney's Office, breached a plea agreement and it's contract negotiations, under former Rule 319, Pa. Rule of Criminal Procedures which violates the petitioner's Fourteenth Amendment rights.

2. In citing Com. v. Gatling, 807 A.2d 890, 900-901 (Pa.Sup.2002). In part, the petitioner claims that his criminal counts one and two was broken on criminal acts, which contradicts count three. Criminal episodes can not link together to support on-going crimes?

3. Petitioner Tangle, has a constitutional right to have adequate, effective and meaningful access to the court; issues from both the First Amendment, right to petition government for redress of grievances and from due process Clause of Fifth and fourteenth Amendment of U.S. Constitution and 18 Pa.C.S. § 5716 (c).

4. Was both prosecutors acting in their investigative phase to support inaccurate and erroneous information in filing a criminal complaint against the petitioner in securing

5

a conviction? Petitioner had due process right and protected liberty interest in the request for expungement of misleading criminal charges.

5.  "Under the Miscarriage of Justice Exception," was the petitioner deprived of his protected liberty interest and due process rights in seeking a fair and impartial trial of being actually innocent. Legal errors and manifest injustice can be demonstrated.

6.  The presumption of correctness in the Court of Common Pleas of Erie County, on factual determinations on the truth about a conviction. Concerning contents of Arrest Warrant and Surveillance Tapes, prejudicial information should have been expunged and/or dismissed.

7.  Under Pa. Constitution Article 1 § 8, 1 § 25 and Pa. Wiretapping and Electronic Surveillance Control Acts, was the the petitioner deprived of his secured legal rights in disclosure of criminal complaints on investigative activities. Mistaken records amounted to Constitutional violations of the laws.

8.  Was the petitioner deprived of secured rights within Sixth and Fourteenth Amendments. Due to a conflict of interest and multiple representations by a former attorney, who turned to prosecute the petitioner 11 years later on incorrect charges?

9.  Was Pa. Rules of Professional Conduct, violated by Erie County District Attorney's Office and its Employees? At level of Miscarriage of Justice, Prosecutorial Misconduct

10. A error had occurred when the petitioner was deprived and denied his protected liberty interest and due process rights in concerning admissibility of evidence of a co-defendant.

11. Petitioner Tangle contends, that his constitutional rights were violated in having adequate, effective and meaningful access to the courts under First, Fifth and Fourteenth Amendment rights. In bad faith, the Court Administrator, County Clerk of Court's Office and Chief Court Reporter knowingly interfered with the petitioner seeking his sought furnished court transcripts and criminal records. See 925 F.Supp. 334-337 and 100 F.Supp. 1271, 1275-77.

12. Petitioner Tangle is claiming that courthouse employees have fraudulently concealed specific court records, arrest affidavit information and identification of criminal charges. "So" that the petitioner can not challenge tainted evidence which violated the petitioner's civil and constitutional rights. Demonstrated in case, 228 F.Supp.2d 553 and 838 F.Supp. 411

13. Petitioner Tangle is also claiming that unknown courthouse (Employees), claim that the petitioner has copies of criminal charges? This misleading fact or statement clearly denies the petitioner to access to the court's, liberty of speech, freedom of expression, denial of procedural due process and protected liberty interest in violation of the First, Fifth and Fourteenth Amendments rights.

14. Finally, petitioner is claiming a civil conspiracy claim against public employees and courthouse workers for fraudulent concealment of material, records and videotapes.

7

The conspiracy cover-up is to support corrupt employees in using tainted evidence against the petitioner's constitutional amendment rights. See 187 F.Supp.2d 400, 294 F.Supp.2d 681

## CONCLUSION TO WRIT OF HABEAS CORPUS PETITION

WHEREFORE, upon careful and independent consideration of this state court petition for writ of habeas corpus, there has been substantial evidence showing of a direct denial of constitutional rights and state statute violations "also" protected liberty interest and due process rights in the laws.

"Furthermore" should the Erie County, Court of Common Pleas, rule on case management, pleadings, request for discovery of (Court Records, Arrest Reports, and Video Tapes) preliminary objections from the Respondents and/or Answer response in its factual findings to support.

The Honorable Court should hold a evidentiary hearing on the meritable issues. To show a state prisoner in custody on violation of his constitutional amendment rights clear and convincing evidence cam demonstrate this factual finding of innocence and fundamental miscarriage of justice was done to him. See Commonwealth v. Jackson, 809 A.2d 411, 416 (2002).

## VERIFICATION OF STATEMENT

I, Randolph S. Tangle, hereby declare that the facts set forth in this writ of habeas corpus petition, are true and correct to the best of my personal belief, and that any false statements

8

made herein are subject to the penalties of sec. 4904 of the crimes code (18 Pa.CS § 4904) relating to falsification to state authorities.

Respectfully written by,

(S) *Randolph S. Tangle* CL-7635
Randolph S. Tangle, CL-7635
SCI Frackville
1111 Altamont Blvd.
Frackville, PA 17931

Date: MAY 30, 2005

9

## PROOF OF SERVICE

I, Randolph S. Tangle, hereby verify and declare that on the below listed date and time, I have served copies of this civil action Writ of Habeas Corpus petition, upon the Erie County Prothonotary's Office and opposing parties in the manner indicated below and this civil complaint can also satisfied by the requirements of Rule 121, Pa.R.App.P., by U.S. Mail delivery:

First Class Mail

        Patrick L. Fetzner
        Clerk of Court's Office
        Erie County Courthouse
        140 West Sixth Street
        Erie, PA   16501


        Erie City, Solicitor
        Erie County Courthouse
        140 West Sixth Street
        Erie, PA   16501


        James Muscarella
        Chief Court Reporter
        Erie County Courthouse
        140 West Sixth Street
        Erie, PA   16501


        District Attorney's Office
        Erie County Courthouse
        140 West Sixth Street
        Erie, PA   16501


        Honorable President Judge
        Erie County Courthouse
        140 West Sixth Street
        Erie, PA   16501

Respectfully written by,

*Randolph S Tangle* CL-7635
(S)_____
Randolph S. Tangle, CL-7635
SCI Frackville
1111 Altamont Blvd.
Frackville, PA 17931

MAY 30, 2005

10

RANDOLPH S. TANGLE, Pro-se,     :    IN THE COURT OF COMMON PLEAS
     Petitioner               :    OF ERIE COUNTY, PENNSYLVANIA
                        :
         v.             :
                        :
ROBERT SHANNON, Superintendent of  :
SCI-Frackville Prison; Erie County    :
Courthouse (EMPLOYEES), District    :
Attorney, BRADLEY FOULK; Chief     :
Court Reporter, JIM MUSCARELLA;    :
Clerk of Courts Office,            :
SHARON WINKLER,             :
     Respondents           :    Case No. 12200 – 2005

## ORDER

AND NOW to-wit, this ___ day of June 2005, it is hereby ORDERED and

DECREED that Petitioner's Motion for Permission to Proceed In Forma Pauperis is

GRANTED.

BY THE COURT:

_____ J.

C: Randolph S. Tangle, Pro se   CL 7635
   SCI-Frackville
   1111 Altamont Road
   Frackville, PA 17931

   Erie County Solicitor Office

   Patrick L. Fetzner, Clerk of Courts

   James Muscarella, Chief Court Reporter

   District Attorney Bradley Foulk

CERTIFIED COPY

_____
Prothonotary

RANDOLPH S. TANGLE, Pro-se,      :       IN THE COURT OF COMMON PLEAS
          Petitioner              :       OF ERIE COUNTY, PENNSYLVANIA

                v.                :
                                  :
ROBERT SHANNON, Superintendent of :
SCI-Frackville Prison; Erie County :
Courthouse (EMPLOYEES), District  :
Attorney, BRADLEY FOULK; Chief    :
Court Reporter, JIM MUSCARELLA;   :
Clerk of Courts Office,           :
SHARON WINKLER,                   :
          Respondents             :       Case No. 12200 – 2005

## ORDER

AND NOW to-wit, this _17_ day of June 2005, it is hereby ORDERED and

DECREED that Petitioner's Motion for Relief of Copies and Service is DENIED.


BY THE COURT:


_____ J.


C: Randolph S. Tangle, Pro se      CL7635
   SCI-Frackville
   1111 Altamont Road
   Frackville, PA 17931

   Erie County Solicitor Office

   Patrick L. Fetzner, Clerk of Courts

   James Muscarella, Chief Court Reporter

   District Attorney Bradley Foulk


CERTIFIED COPY

_____
          Prothonotary

IN THE COURT OF COMMON PLEAS OF THE

COUNTY OF ERIE, PENNSYLVANIA

CIVIL COURT DIVISION

RANDOLPH S. TANGLE, Pro-se          :
                    Petitioner
          V.                        : COURT CASE DOCKET
                                      NO.
ROBERT SHANNON, et. al,             :
                    Respondents

     PETITIONER CHANGE OF ADDRESS NOTICE, TO THE CLERK'S OFFICE

TO:  THE HONORABLE ERIE COUNTY, CLERK OF COURT'S OFFICE, and
     the presiding court judge, in charge of this Habeas Corpus
     petition.

          Petitioner Tangle, in the above mentioned civil court action,
     is giving notice for change of address to be entered with the
     clerk of courts office, and all court orders or pending civil
     action rules are to be forward to his new residential address
     below.

          After the date of June 28, 2005, all letters or legal
     correspondence must be forward to the address below.

          Thank you for time and personal consideration in this matter.


                              Respectfully submitted,

                              (S) _Randolph S. Tangle_
                              Randolph S. Tangle, CL-7635
                              SCI Frackville
                              1111 Altamont Blvd.
                              Frackville, PA 17931
                              "New Mailing Address"
                              Randolph S. Tangle, CL-7635
                              Erie C.C. Center
Date: June    , 2005          137 West 2nd Street
                              Erie, PA    16507

                              6-29 05


                              CERTIFIED COPY

                              _____
                              Prothonotary

<u>PROOF OF SERVICE</u>

I hereby certify that I am this day serving the foregoing notice upon the following persons, by first class mail, which service satisfies the requirements of Pa.R.A.P 122

Patrick L. Fetzner
Clerk of Court's Office
Erie County Courthouse
140 West Sixth Street
Erie, PA   16501

District Attorney's Office
Erie County Courthouse 140 West Sixth Street
Erie, PA   16501

Honorable President Judge
Erie County Courthouse 140 West Sixth Street
Erie, PA   16501

Respectfully submitted,

Randolph S. Tangle, CL-7635
Erie C.C. Center
137 West 2nd Street
Erie, PA   16507
(New Mailing Address)

6-29.05