### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RANDOLPH S. TANGLE,         :
             Plaintiff    :
       v.             :     C.A. No. 05-114 ERIE
                   :
CITY OF ERIE, et al.,        :
           Defendants.  :

## BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO Fed. RCP 12(b)(6) FILED ON BEHALF OF JOHN DOE AND JIM MUSCARELLA

AND NOW comes defendants John Doe, Judge's Law Clerk, and Jim Muscarella, Chief Court Reporter in the above referenced case, by and through their counsel, Matthew J. McLaughlin, and files this brief in support of motion to dismiss pursuant to Fed. RCP 12(b)(6), stating in support thereof the following:

**I.**     **Factual Background:**

Plaintiff has filed an action against the City of Erie, "John Doe", Judge's Law Clerk, Patrick L. Fetzner, Clerk of Courts, Jim Muscarella, Chief Court Reporter, and Sharon Winkler, Clerk of Courts' Office, based upon an alleged deprivation of his civil rights pursuant to 42 U.C.S. § 1983. A reading of the complaint indicates that plaintiff is apparently alleging that defendants, John Doe and Jim Muscarella, deprived plaintiff of his civil rights by failing to provide him with transcripts or documents during the course of his criminal case.

In support of plaintiff's claim of the deprivation of his Constitutional rights, he attaches as exhibits extraneous matters including a Court Order and correspondence issued by the Court in conjunction with his criminal case. Defendants have attached as exhibits to their motion to dismiss, additional records and request that this Court also take judicial notice of these records, some of which are already before this Court in the case at docket number 97-CV-329 ERIE, pursuant to this Court's Order dated November 20, 1997 and February 19, 1999. (See Appendix A)

II.    **Argument:**

**PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE HIS CLAIM FAILS DUE TO THE DOCTRINES OF JUDICIAL IMMUNITY, RES JUDICATA, COLLATERAL ESTOPPEL AND/OR PURSUANT TO 42 U.S.C. § 1983 AND THE APPLICABLE TWO YEAR STATUTE OF LIMITATIONS.**

Defendants John Doe and Jim Muscarella, hereby incorporate by reference all of the

arguments set forth in the memorandum of law in support of motion to dismiss, filed on behalf of

defendants Patrick L. Fetzner and Sharon Winkler, which was drafted by Kenneth J. Gamble,

Esquire, and previously filed in this case.  Specifically, defendants John Doe and Jim Muscarella

contend that their motion to dismiss pursuant to Fed. R.C.P. 12(b)(6), should be granted for the

following reasons:

(a)    Plaintiff's claims against the above referenced defendants are barred by the doctrine of judicial immunity.  The gravamen of plaintiffs claim against defendants John Doe and Jim Muscarella involves an allegation of a Constitutional deprivation due to the alleged failure of these defendants to provide copies of trial transcripts and other documents related to plaintiff's criminal trial. Quasi-judicial and absolute immunity are available to those who perform functions closely associated with the judicial process.  Henig v. Odorioso, 385 F.2d 491,494 (3d Cir. 1967), cert denied, 390 U.S. 1016 (1968) (holding that judicial employees executing judicial orders are immune from suits for money damages); Dieu v. Norton, 411 F.2d 761 (7th Cir. 1969) (court reporter and court clerk refusing to give plaintiff transcript of record were acting in discharge of their official duties and were protected by judicial immunity); Stewart v. Minnick, 409 F.2d 826 (9th Cir. 1969) (acts charged to individual defendants, a court reporter and a court clerk, alleging that they refused to furnish plaintiff with a portion of state criminal trial transcript, were acts performed in their capacity as quasi-judicial officers which clothed them with judicial immunity.).

Absolute immunity extends to defendants to the extent that they are being sued in their individual capacities as well.  Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997) (Inmate's section 1983 claims against court clerks for refusing inmate's request for records on direct appeal and for alleged delay in scheduling appeal related to judicial functions, and thus, clerks were entitled to absolute judicial immunity from claims.).  Whether an act is judicial in character, and thus subject to absolute immunity, does not depend on whether it is discretionary; rather,

2

immunity applies to all acts of auxiliary court personal that are basic and integral parts of the judicial process, and thus protected by absolute immunity. <u>Sindram v. Suda,</u> 986 F2d 1456, 1461 (D.C. Cir. 1993).

In the instant case, defendants John Doe, judicial clerk, and Jim Muscarella, chief court reporter are entitled to immunity from suit because they are individuals who perform functions closely associated with the judicial process and they are auxiliary court personnel whose functions are a basic and integral part of the judicial process. Moreover, the record reveals that in response to a Court Order directing the transcripts be filed by the Court's office responsible for transcripts, defendant Muscarella, at one point, made a determination that the issue was moot as the Clerk of Courts had already sent copies of the transcripts to plaintiff. (Appendix Exhibit 15).

(b)     Plaintiff's claims are barred by the doctrine of res judicata and collateral estoppel. A review of the records contained in the Appendix to defendants motion to dismiss, reveals that the claims and issues raised by plaintiff are barred by the doctrines of res judicata and collateral estoppel. Plaintiff is attempting to assert claims and raise issues which have been raised, reviewed and finally decided many times in the course of his criminal case in the Court of Common Pleas, his appeals and his various civil actions in the Court of Common Pleas and the U.S. District Court for the Western District of Pennsylvania, or which could have been asserted variously in those actions. <i>See</i> <u>General Accident Fire & Life Assurance Corp., LTD. v. Flamini,</u> 299 Pa. Super.312, 445 A.2d 770 (1982); <u>Bearoff v. Bearoff Brothers, Inc.,</u> 458 Pa. 494, 327 A.2d 72 (1974); <u>Wiggins v. Murphy,</u> 576 F.2d 572 (4th Cir. 1978), cert. denied 99 S.Ct. 874, 439 U.S. 1091. Similarly, the doctrine of issue preclusion prevented re-litigation of issues relating to a plaintiff's criminal conviction in a later civil rights action notwithstanding the fact that the defendant law enforcement officials were not parties to plaintiff's criminal proceedings. <u>Smith v. Sinclair,</u> 424 F.Supp. 1108 (W.D. Okla. 1976).

(c)     Plaintiff's claims are barred because he does not assert in his pleadings any harm, such as denial of access to the courts, caused by defendants alleged failure to furnish him with copies of his transcripts. <i>See</i> <u>Oliver v. Fauver,</u> 118 F.3d 175, 177 (3d Cir. 1977); <u>Jones v. Franzen,</u> 697 F.2d 801. 803 (7th Cir. 1983).

(d)     Plaintiff's claims are barred by the applicable statute of limitations. Page five of plaintiff's pleading asserts that defendants refused to provide him with transcripts or documents of his criminal trial for the past eleven years and that Judge Domitrovich by order dated April 14, 2003, directed defendants to furnish court records and transcripts to plaintiff within fourteen days. Portions of plaintiff's claims based upon acts occurring more than two years prior to filing his complaint are time barred under Pennsylvania's two-year personal injury limitations period, running separately as to each alleged act, rather than from the last alleged act. <u>Kost v. Kozakiewicz,</u> 1 F.ed 176, 191 (3d Cir. 1993).

3

WHEREFORE, it is respectfully requested that this Honorable Court grant the motion to dismiss pursuant to Fed. RCP 12(b)(6), filed on behalf of John Doe, Law Clerk, and Jim Muscarella, Chief Court Reporter.

Respectfully submitted,

By:

Matthew J. McLaughlin, Esq.
Assistant Solicitor for
Erie County
246 West Tenth Street
Erie, PA 16501
(814) 454-1010
attymjmclaughlin@aol.com
Counsel for defendants,
John Doe, Judge's Law Clerk,
and Jim Musceralla, Chief Court
Reporter

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RANDOLPH S. TANGLE, | : | |
| Plaintiff | : | |
| v. | : | C.A. No. 05-114 ERIE |
| | : | |
| CITY OF ERIE, et al., | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within brief in support of motion to dismiss pursuant to Fed. RCP 12(b)(6) was mailed to the following individuals listed below on this the 12th day of September, 2005, via United States, First Class mail, postage prepaid, in accordance with the applicable Rules:

Honorable Susan Paradise Baxter

Kenneth J. Gamble, Esquire

Heather Purcell, Esquire

Randolph S. Tangle

Respectfully submitted,

By: *Matthew McLaughlin Plc*
Matthew J. McLaughlin, Esq.
Assistant Solicitor for
Erie County
246 West Tenth Street
Erie, PA 16501
(814) 454-1010
attymjmclaughlin@aol.com
Counsel for defendants,
John Doe, Judge's Law Clerk,
and Jim Muscerella, Chief Court
Reporter