## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RANDOLPH S. TANGLE,                    :
                    Plaintiff    :
           v.                          :    C.A. No. 05-114 ERIE
                             :
CITY OF ERIE, et al.,                  :
                Defendants.    :

**APPENDIX TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

By:    *Matthew McLaughlin*
       Matthew J. McLaughlin, Esq.
       Assistant Solicitor for
       Erie County
       246 West Tenth Street
       Erie, PA 16501
       (814) 454-1010
       attymjmclaughlin@aol.com
       Counsel for defendants,
       John Doe, Judge's Law Clerk,
       and Jim Musceralla, Chief
       Court Reporter

## TABLE OF CONTENTS

Defendant Exhibit

1. 10/29/93 Order denying Plaintiff's request for relief including copies of charges    1

2. 04/05/94 Order granting counsel's request for Court Reporter to generate transcripts    2

3. 04/13/93 Order denying pro se request for transcripts/records    3

4. 06/27/94 Order directing Court Reporter to file transcripts and notify counsel    4

5. 06/13/96 Order denying pro se request for transcripts/records    5

6. 08/12/96 Order directing Court Reporters to file transcripts    6

7. 12/19/96 Superior Court Memorandum & Order affirming denial of PCRA    7

8. 11/01/01 Order denying mandamus and request for discovery of documents    8

9. 11/26/02 Order striking Plaintiff's mandamus action at No. 13812-01    9

10. 12/16/02 Order denying mandamus relief to Plaintiff at No. 13812-01    10

11. 1/29/03 Order dismissing Plaintiff's PCRA & contempt motions    11

12. 3/18/03 Order dismissing Plaintiff's PCRA    12

13. 4/14/03 Order directing Clerk of Courts and/or Court Stenographer to furnish records    13

14. 3/18/03 Opinion re: dismissal of PCRA    14

15. 5/12/03 Order finding Plaintiff received copies of transcripts & denying contempt    15

16. 12/12/03 Superior Court Memorandum & Order affirming denial of PCRA    16

DEFENDANT'S EXHIBIT

CLERK OF RECORDS

Nov 1 1 21 PM '93

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS |
| | CRIMINAL DIVISION | OF ERIE COUNTY, PENNSYLVANIA |
| v. | COUNTY COURTHOUSE | CRIMINAL DIVISION |
| | ERIE, PENNA. | |
| | : | |
| RANDOLPH SCOTT TANGLE | : | No. 1833 of 1993 |

## O R D E R

**AND NOW, TO-WIT,** this 29th day of October, 1993, it is hereby **ORDERED** that defendant's pro se Omnibus Pre-Trial Motion for Relief is **DENIED** as improperly filed since the defendant is and has been represented by counsel, Kathleen M. Claunch, Esquire.

BY THE COURT,

Shad Connelly, Judge

William R. Cunningham, Esquire
  District Attorney
Kathleen M. Claunch, Esquire
  Attorney for Defendant
Randolph Scott Tangle
  Erie County Prison

(8)

DEFENDANTS EXHIBIT

COMMONWEALTH OF PENNSYLVANIA    :    IN THE COURT OF COMMON PLEAS
                        :    OF ERIE COUNTY, PENNSYLVANIA
        vs.            :    CRIMINAL DIVISION
                        :
RANDOLPH S. TANGLE           :    No. 1833 of 1993

## ORDER

AND NOW, to-wit, this _5th_ day of April, 1994, upon consideration of the Petitioner's Motion for Extension of Time, it is hereby ORDERED, ADJUDGED and DECREED that counsel is granted an extension of thirty (30) days subsequent to the filing of the transcripts of this case in which to file an Amended Petition under the Post-Conviction Relief Act, and it is further ORDERED that the Court Reporter's Office shall comply with counsel's request to generate said transcripts.

BY THE COURT:

_Stephanie Domitrovich_

Stephanie Domitrovich, Judge

(18)



COMMONWEALTH OF PENNSYLVANIA     :    IN THE COURT OF COMMON PLEAS
                                  :    OF ERIE COUNTY, PENNSYLVANIA
           vs.                   :       CRIMINAL DIVISION
                                    :
RANDOLPH S. TANGLE               :    NO. 1833 OF 1993

### ORDER OF COURT

AND NOW, to-wit, this Thirteenth day of April, 1994, upon

consideration of Defendant's pro se Application for Order Mandating Clerk

of Courts, and or Court Stenographer, to Furnish Court Records and

Transcribed Notes of Testimony In Forma Paupers [sic], this Court notes

that Defendant is being represented by Attorney William J. Hathaway; and

it is hereby ORDERED AND DECREED that the foregoing Motion is DENIED; and

Defendant is directed to file all motions through his Attorney to insure

proper procedure is followed.

                                 BY THE COURT:

                           _____
                           Stephanie Domitrovich        Judge



RECEIVED
APR 1 4 1994
Court Administrator
Criminal Division

NOTICE WAS GIVEN TO EACH PARTY OR
COUNSEL OF RECORD BY ORDINARY MAIL
ON April 14, 1994

Copy to:    District Attorney
             William J. Hathaway, Esq.
             Randolph S. Tangle #AP-7249, SCI at Mercer

DEFENDANT'S EXHIBIT

COMMONWEALTH OF PENNSYLVANIA      :   IN THE COURT OF COMMON PLEAS
                                         :   OF ERIE COUNTY, PENNSYLVANIA
               vs.                       :       CRIMINAL DIVISION
                                           :

RANDOLPH S. TANGLE                 :   NO.  1833 OF 1993

### ORDER OF COURT

AND NOW, to—wit, this Twenty—seventh day of June, 1994, it is hereby ORDERED, ADJUDGED AND DECREED that the office of Court Stenographers shall file all the transcripts in the above—captioned matter for the Defendant on or before 10:00 a.m. on 22nd day of July, 1994, and notify counsel for the Appellant forthwith, as soon as the transcripts are filed.

BY THE COURT:

Stephanie Domitrovich             Judge

CLERK OF RECORDS

JUN 28  2 45 PM '94

CRIMINAL DIVISION
COURT ADMINISTRATOR

**NOTICE WAS GIVEN TO EACH PARTY OR COUNSEL OF RECORD BY ORDINARY MAIL ON** June 28, 1994

     Copy to:  Ron Bench
                 Randolph S. Tangle, SCI at Mercer

RECEIVED

JUN 2 8 1994

Court Administrator
Criminal Division

(29)





COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
                                   : OF ERIE COUNTY, PENNSYLVANIA
               vs.                   :           CRIMINAL DIVISION
                                     :
RANDOLPH S. TANGLE           :    NO.  1833 OF 1993

## ORDER OF COURT

      AND NOW, to-wit, this Thirteenth day of June, 1996, upon consideration of

Defendant's pro se Application for Order Mandating Clerk of Courts, and or Court

Stenographer, to Furnish Court Records and Transcribed Notes of Testimony, *in*

*forma pauperis*, and Defendant's In Forma Pauperis Statement, it is hereby

**ORDERED, ADJUDGED AND DECREED** that Defendant's Application and

Statement are DENIED as there are no matters currently pending before the Court.

                         BY THE COURT:

                       Stephanie Domitrovich         Judge

CLERK OF RECORDS

JUN 13  3 44 PH '96

CRIMINAL DIVISION
COUNTY COURTHOUSE

NOTICE WAS GIVEN TO EACH PARTY OR
COUNSEL OF RECORD BY ORDINARY MAIL
ON: June 13, 1996

    Copy to:    District Attorney
                Randolph S. Tangle #CL-7635, SCI at Mercer

34



COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: OF ERIE COUNTY, PENNSYLVANIA
vs. : CRIMINAL DIVISION
:
RANDOLPH S. TANGLE : NO. 1833 OF 1993

## ORDER OF COURT

AND NOW, to-wit, this Twelfth day of August, 1996, pursuant to Rule of

Appellate Procedure 1925(b), Defendant is directed to forthwith file of record a

concise statement of the matters complained of on appeal within fourteen (14)

days of the entry of this Order, and to serve a copy thereof on the undersigned.

It is **ORDERED** that the office of Court Stenographers shall file all transcripts

in the above-captioned matter on or before thirty (30) days from date hereof.

Further, upon consideration of Defendant's pro se request to proceed *in*

*forma pauperis*, it is **ORDERED** that Defendant's request is hereby GRANTED as it

pertains to filing fees relating to the subject appeal.

BY THE COURT:



_____
Stephanie Domitrovich          Judge

NOTICE WAS GIVEN TO EACH PARTY OR
COUNSEL OF RECORD BY ORDINARY MAIL
ON: _____August 13, 1996_____
Copy to: District Attorney
         Randolph S. Tangle #CL-7635, SCI at Mercer
         Court Reporters



J. S51028/96

COMMONWEALTH OF PENNSYLVANIA          :
                                      :
                  v.                  :     IN THE SUPERIOR COURT OF
                                      :          PENNSYLVANIA
RANDOLPH S. TANGLE,                   :         Pittsburgh Office
                                      :
                  Appellant           :     No. 01406 Pittsburgh, 1996
                                      :


               Appeal from the P.C.R.A. of the Court of
             Common Pleas, Erie County, Criminal Division,
                      at No. 1833 C.P. 1993.


           BEFORE: DEL SOLE, JOHNSON and BROSKY, JJ.


MEMORANDUM:                              FILED:  DECEMBER 19, 1996


        Randolph S. Tangle appeals, pro se, from the May 27, 1994

trial court order denying his petition under the Post Conviction

Relief Act ("PCRA"), 42 Pa.C.S. §§9541 et seq.  Appellant had pled

guilty to sixteen counts of receiving stolen property.

        Although appellant lists five issues in his "Statement of

the Questions Presented on Appeal", he does not argue these issues

in the argument sections of his appellate brief and "Supplemental

Brief".  The only intelligible issues raised by appellant are that

his counsel was ineffective for advising him to plead guilty, and,

that his guilty plea was involuntary.[1]  We affirm the order of the

trial court.

_____

    [1]This is fortunate for appellant since, in a PCRA case, once a
defendant has entered a plea of guilty, the only cognizable issues
relate to the validity of the plea and the legality of the sentence.
Commonwealth v. Williams, 442 Pa. Super. 590, 660 A.2d 614 (1995).
We note that appellant has not raised any sentencing issues.

J. S51028/96

Our Court, in <u>Commonwealth v. Blackwell</u>, 436 Pa. Super. 294, 647 A.2d 915 (1994), quoting from <u>Commonwealth v. Granberry</u>, 434 Pa. Super. 524, ___, 644 A.2d 204, 207-208 (1994), stated,

> Our scope of review, when examining a post-conviction court's grant or denial of relief is limited to determining whether the court's findings were supported by the record and the court's order is otherwise free of legal error. <u>Commonwealth v. McClucas</u>, 378 Pa. Super. 202, 548 A.2d 573 (1988). The findings of the post-conviction court will not be disturbed unless they have no support in the record. <u>Id</u>.

> To be eligible for relief under the Post Conviction Relief Act, an appellant must plead and prove by a preponderance of evidence that his conviction resulted from ineffective assistance of counsel .... [Citations omitted.]

<u>Id</u>. at ___, 644 A.2d at 207.

Our Supreme Court stated in <u>Commonwealth v. Crawley</u>, 541 Pa. 408, 663 A.2d 676 (1995),

> In order to establish an ineffective assistance of counsel claim, the appellant must meet [a] three prong test.... Appellant must establish that the issue underlying the claim of ineffectiveness has merit. Second, appellant must establish that the course of action or inaction chosen by counsel had no reasonable basis in advancing appellant's interests. Third, appellant must establish that he suffered prejudice as a result of the counsel's action or inaction. Prejudice in this context has been defined to mean that appellant must establish that but for the arguably ineffective act or omission there is a reasonable probability that the result would have been different. Appellant bears the burden of proving all three prongs of this standard. Moreover, the law in Pennsylvania presumes that counsel was effective. [Citations omitted.]

J. S51028/96

<u>Id</u>. at ___, 663 A.2d at 679.

Our Court, in <u>Commonwealth v. Kimball</u>, ___ Pa. Super.

___, 683 A.2d 666 (1996), stated that "the prejudice standard is the

same on direct appeal and under the PCRA".  <u>Id</u>. at ___, 683 A.2d at

670.

Our Court stated in <u>Commonwealth v. Blackwell</u>, <u>supra</u>,

> The burden of establishing ineffective assistance of counsel rests upon the appellant since counsel's representation is presumed to be effective. <u>Commonwealth v. Jones</u>, 389 Pa. Super. 159, 566 A.2d 893 (1989). Appellant must demonstrate that counsel's omission or commission was arguably ineffective and the likelihood that appellant was prejudiced as a result thereof. <u>Id</u>.

> A claim of ineffectiveness of trial counsel must be raised at the first opportunity at which the counsel whose ineffectiveness is being challenged no longer represents the defendant. <u>Commonwealth v. Miller</u>, 388 Pa. Super. 7, 564 A.2d 975 (1989). "For the purposes of [the PCRA], an issue is waived if the petitioner failed to raise it and if it could have been raised...on...appeal or [in any] other proceeding actually conducted or in a prior proceeding actually initiated under [the PCRA]." 42 Pa.C.S. §9544(b). Appellant must also prove by a preponderance of the evidence that the allegation of error has not been previously litigated. 42 Pa.C.S. §9543(a)(3).[2]

> Pa.R.Crim.P. 1507(a) states, in pertinent part, "The [trial] judge shall promptly review the

---

[2] "[P]ost-conviction review of claims previously litigated on appeal cannot be obtained by alleging ineffective assistance of prior counsel and by presenting new theories of relief to support previously litigated claims." <u>Commonwealth v. Christy</u>, 540 Pa. 192, 202, 656 A.2d 877, 881 (1995).

-3-

J. S51028/96

> [PCRA] motion.... If the judge is satisfied
> from this review that there are no genuine
> issues concerning any material fact and that the
> defendant is not entitled to post-conviction
> collateral relief, and no purpose would be
> served by any further proceedings, the judge
> shall give notice to the parties of the
> intention to dismiss the motion ... [without a
> hearing][.]"

> The right to an evidentiary hearing on a post-
> conviction petition is not absolute.
> Commonwealth v. Box, 305 Pa. Super. 81, 451
> A.2d 252 (1982). A hearing may be denied if a
> petitioner's claim is patently frivolous and is
> without a trace of support either in the record
> or from other evidence. Id. A post-conviction
> petition may not be summarily dismissed,
> however, as "patently frivolous" when the facts
> alleged in the petition, if proven, would
> entitle the petitioner to relief. Id.

> A defendant is only entitled to counsel during
> his or her first petition under the Post
> Conviction Relief Act. Pa.R.Crim.P. 1504(a).

Commonwealth v. Blackwell, supra at ___, 647 A.2d at 920-921.

    In the instant case appellant did not challenge his guilty

plea prior to his sentencing.

    Our Court stated in Commonwealth v. Blackwell, 436 Pa.

Super. 277, 647 A.2d 915 (1994),

> "An attempt to withdraw a plea of guilty after
> sentencing will only be granted where the
> defendant is able to show that his plea was the
> result of manifest injustice." Commonwealth v.
> Holbrook, 427 Pa. Super. 387, _, 629 A.2d 154,
> 158 (1993). To establish manifest injustice, a
> defendant must show that his plea was
> involuntary or was given without knowledge of
> the charge. Id. The decision to plead guilty
> must be personally and voluntarily made by a
> defendant. Commonwealth v. Fluharty, ___ Pa.
> Super.__, 632 A.2d 312 (1993). Pa.R.Crim.P.

-4-

J. S51028/96

319 mandates that the guilty plea be offered in open court, and, in order to determine the voluntariness of the plea and whether the defendant acted knowingly and intelligently, the trial court must, at a minimum, inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement? Commonwealth v. Fluharty, supra at ___, 632 A.2d at 314; Comment to Pa.R.Crim.P. 319. The trial court must determine if there is a factual basis for the plea [i.e., whether the facts acknowledged by the defendant constitute the offense(s) charged]. Commonwealth v. Fluharty, supra. The aforementioned constitute the only required inquiries regarding a guilty plea. Id.

The determination of whether the defendant understood the connotations of the plea and its consequences is made by an examination of the totality of the circumstances surrounding the plea. Id. Even if there is an omission or defect in the guilty plea colloquy, the guilty plea will not be deemed invalid if the circumstances surrounding the entry of the plea reveal that the defendant fully understood the nature and consequences of his or her plea and that he or she knowingly and voluntarily decided to plead guilty. Id. A defendant may knowingly and voluntarily plead guilty as a matter of strategy or expedience even though he or she is unable or unwilling to admit guilt regarding the crime(s) charged. Id. The bottom line is

-5-

J. S51028/96

> whether the defendant understood what he or she
> was doing, and our Court will look to the
> colloquy to determine whether he or she did.
> Id.

Id. at ___, 647 A.2d A.2d at 921-922.

Our Court stated in Commonwealth v. Iseley, 419 Pa. Super.

364, 615 A.2d 408 (1992),

> A criminal defendant who elects to plead guilty
> has a duty to answer questions truthfully. A
> defendant will not be permitted to postpone the
> final disposition of his case by lying to the
> court concerning his culpability and thereafter
> withdraw his plea of guilty by contradicting his
> prior testimony and asserting innocence.
> [Citations omitted.]

Id. at ___, 615 A.2d at 414.

First, appellant alleges that his counsel was ineffective

for failing to "evince exculpatory evidence ... from the District

Attorney" and for failing to "investigate and raise substantive

defenses" (appellant avers that these alleged omissions caused him

to follow the advice of counsel and plead guilty), and, post-

conviction counsel was ineffective for failing to request a hearing.

Appellant's Brief at 12.

Appellant does not inform us what "exculpatory evidence"

he wanted to obtain or how it could have helped his case. Appellant

does not inform us what "defenses" he wanted investigated and

raised. Finally, appellant does not inform us of the purpose of the

desired post-conviction hearing. "Issues not properly developed or

argued in the argument section of an appellate brief are waived."

J. S51028/96

Kituskie v. Corbman, ___ Pa. Super. ___, ___, 682 A.2d 378, 383
(1996).  Since appellant has failed to properly develop or argue
these claims we find them to be waived.

Appellant also claims that his guilty plea was not
voluntarily or knowingly entered into.

We have reviewed the December 8, 1993 guilty plea colloquy
and find that appellant indicated that he understood the nature of
the receiving stolen property charges, a factual and legal basis for
the plea was established, appellant was informed and understood that
he had a right to a jury trial, he was told and understood that he
was presumed innocent until proven guilty, and, the permissible
range of sentences was explained to him.  N.T., 12/8/93, at 1-18.
Hence, the trial court inquired into the relevant areas mandated by
Commonwealth v. Blackwell, supra.  After each count was described
factually and legally, appellant pled guilty to each count.
Appellant also stated that he was made no promises, regarding his
possible sentence, in exchange for his guilty plea.  N.T., 12/8/93,
at 8-9.  He stated that he was voluntarily pleading guilty and that
the plea was not forced by anyone.  Id. at 9.  Appellant admitted
that he was pleading guilty because he committed the instant crimes.
Id.  Appellant admitted that he knew that the items, which he sold
"during an undercover sting operation", were stolen.  Id. at 15.
Appellant stated that he did not have any questions and that he
understood everything that had transpired at the colloquy.  Id. at
17.  Our review of the instant record reveals that appellant has not

J. S51028/96

shown that his plea was the result of manifest injustice.  We also find that the guilty plea was voluntary, and was knowingly and intelligently entered into.  Hence, we find appellant's claim to be without merit.  <u>Commonwealth v. Blackwell</u>, <u>supra</u>.

Since we have found all of appellant's issues to be waived or meritless, we affirm the order of the trial court denying appellant's PCRA petition.

Order affirmed.

DEFENDANT'S
EXHIBIT
2

COMMONWEALTH OF PENNSYLVANIA  :  IN THE COURT OF COMMON PLEAS
:  OF ERIE COUNTY, PENNSYLVANIA
:        TRIAL COURT DIVISION
vs.                             :
:
RANDOLPH S. TANGLE              :  NO. 1833 OF 1993

### ORDER OF COURT

AND NOW, to-wit, this First day of November, 2001, upon consideration of
Defendant's pro se Petition for Writ of Mandamus, pro se Application for
Assignment of Counsel and pro se Application for Request for Discovery to Inspect
Sealed Documents and Surveillance Tapes for Preliminary Objections and/or
Evidentiary Hearing, it is hereby **ORDERED, ADJUDGED AND DECREED** that said
Petitions are DENIED, based upon the following reasons:

A Writ of Mandamus is a civil action that must be initiated by filing a
Complaint or an agreement for an amicable action with the Prothonotary, pursuant to
Pa.R.Civ.P. 1093. The Erie County District Attorney's Office contacted a deputy
prothonotary and requested a review of the records on October 9, 2001, which
resulted in no appropriate filing being found. Additionally, the docket number utilized
by Defendant is a criminal court docket. Therefore, the Pennsylvania Rules of Civil
Procedure have been violated.

Furthermore, Pa.R.Civ.P 1091, requires that a procedure in Mandamus must
be in accordance with the rules relating to a civil action. As previously mentioned,
Defendant has failed to file and serve the appropriate pleadings, as required by the
rules.

The Pennsylvania Appellate Courts have previously addressed the issues
raised herein by Defendant, as well as the federal court. Defendant has failed to
raise any new issues and his action lacks a basis. Also, the Writ of Mandamus filed
by Defendant would appropriately be treated in the nature of a Motion for Post
Conviction Collateral Relief (hereinafter PCRA). Defendant has previously filed a
PCRA, which was subsequently denied. Defendant filed said PCRA prior to the

CLERK OF RECORDS
2001 NOV -1 PM 4:00
CRIMINAL DIVISION
COUNTY COURTHOUSE
ERIE, Pa. 16501

(43)

current amendments to the PCRA statute; therefore, Defendant would have had to file his PCRA within one year of enactment of the amendments and/or within one year from the date judgment became final unless Defendant alleged and proved one of three circumstances, which Defendant has failed to do. *See* Pa.C.S. §9545. Defendant's instant PCRA is untimely filed, since it was not filed within the one year grace period, nor was it timely filed after denial of his Federal Habeas Action.

Defendant's pro se Application for Appointment of Counsel is not appropriate in a civil action. Further, under the PCRA statute, Defendant is entitled to counsel upon filing of the first PCRA; however, this is Defendant's second PCRA.

Defendant is not entitled to any further information, since he received all discovery in 1993. Additionally, no viable cause of action is now pending before the court, thereby no further discovery is warranted.

BY THE COURT:

_Stephanie Domitrovich_                    Judge

RECEIVED

NOV - 2 2001

COURT ADMINISTRATOR
TRIAL DIVISION

NOTICE WAS GIVEN TO EACH PARTY OR
COUNSEL OF RECORD BY ORDINARY MAIL
ON: _____ November 2, 2001 _____
Copy to:     Patricia J. Kennedy, Esq.
             Randolph S. Tangle, #CL-7635, SCI at Albion
             Court Administration
             Edward T. Brennan, Superintendent, SCI at Albion
             Senior Deputy Attorney General, Office of Atty. General,
                 16 Floor, Strawberry Square, Harrisburg, PA  17120
             Pennsylvania State Police, 1800 Elmerton Ave., Harrisburg,
                 PA  17110

DEFENDANT'S
EXHIBIT
9

RANDOLPH S. TANGLE, PRO-SE           :   IN THE COURT OF COMMON PLEAS
                    Petitioner       :   OF ERIE COUNTY, PENNSYLVANIA
          v.                         :
                                     :   CIVIL ACTION - LAW
ERIE COUNTY COURT of COMMON          :
PLEAS, SUPERINTENDENT WILLIAM J      :
WOLFE, ERIE COUNTY DISTRICT          :
ATTORNEY'S OFFICE, PA. STATE         :
TROOPERS, D.A. BRADLEY H. FOULK,     :
PROSECUTOR PATRICIA KENNEDY,         :
(JOHN DOE) UNKNOWN                   :
PROTHONOTARY, FORMER                 :
ASSISTANT DISTRICT D.A. KENNETH      :
A. ZAK,                              :
                    Respondents      :   Case No.13812-2001


## O R D E R


AND NOW, to-wit, this _26_ day of November 2002, it is hereby

ORDERED and DECREED that the Preliminary Objections in the Nature of a

Motion to Strike Filed on Behalf of Respondent, Erie County District Attorney's

Office are SUSTAINED.

Petitioner filed the instant Petition for Writ of Mandamus alleging: (A)

Abuse of Process; (B) Denying the Petitioner disclosure of his criminal charges on

warrant; (C)  Denying the Petitioner his legal rights in filing a supression [sic]

motion; (D) Prosecutorial Misconduct and Ineffective Assistance of Counsel; (E)

False enter [sic] of arrest warrant affidavit information for Probable cause; (F)

Deprivation of Petitioner's U.S. Constitution and PA. Const. Article Laws; and (G)

Judicial Deception and Denial of having access to the Trial Courts.  Petitioner

makes the following requests for relief: (A) To compel the District Attorney K. Zak , and the four (PSP) Troopers to correct information in the Petitioner's affidavit arrest warrant on his criminal charges; (B) Petitioner is requesting for disclosure and to inspection of sealed documents and view surveillance tapes at the Evidentiary Hearing or in camera Hearing; (C) Petitioner has a liberty interest and Due Process rights within the First and Fourteenth Amendment [sic].   For government officials – or – agency to perform their duties under Pa Statute laws to expunge false records and prejudice [sic] inform and from Petitioner's criminal charges in records.   In violation of 42 PaCS § 8550 Willful Misconduct, on Fraud and Malice Acts, which injured Petitioner; (D) For the Trial Courts to hold, a non-jury Trial on civil right and constitutional issues, on civil right damages and sought relief for attorney fees 42 USC 1983 42 USC 1988, for wrongful confinement and the evil intent to harm Petitioner; (E) Petitioner is requesting for injunctive relief in being release [sic] from SCI Albion Prison Facility – or – Court Order for O.R. bond pending outcome of Mandamus action; (F) 42 USC § 1983 and 42 PaCS §1095, Compensatory damages and Punitive damage for each Respondent involve [sic] in violating the U.S. Constitution and Pa Constitution Article laws.   Not exceeding, the damage amount of 250, 000 Two hundred and Fifty Thousand dollars in this Mandamus Action; (G) For Constitution damage (10,000.00) Ten-Thousand dollars each; (H) For Civil right [sic] violation (50,000.00) Fifty Thousand dollars each; and (I) 42 USC 1983 civil conspiracy – or – 42 USC 1983 retaliation claim.

2

All of these claims arise out of the proceedings related to Petitioner's criminal case at Erie County docket number 1833 of 1993. Indeed, the relief Petitioner requests is for the Court to allow him to begin the criminal proceedings anew. This Court finds that the instant Petition for Writ of Mandamus is actually in the nature of a Petition for Post-Conviction Collateral Relief (PCRA) in that Petitioner is collaterally attacking his criminal conviction. The PCRA is sole means for obtaining such relief; it encompasses all other common law and statutory remedies. *See* 42 Pa. C.S.A. § 9542. Thus, the Court finds that a Petition for Writ of Mandamus is an inappropriate method for Petitioner to obtain the relief he seeks. Accordingly, the Preliminary Objections are SUSTAINED, and the Motion to Strike is GRANTED.

BY THE COURT:

_____ J.

C:    Randolph S. Tangle, Pro-se
      Matthew McLaughlin, Esquire
      Kema; A. Mericli, Senior Dep. Atty. General
      Pennsylvania State Police Headquarters
      District Attorney

Notice was given to each party or counsel of record by ordinary mail on _11/26/02_

3

**DEFENDANT'S EXHIBIT**

RANDOLPH S. TANGLE,        :     IN THE COURT OF COMMON PLEAS
      Petitioner           :     OF ERIE COUNTY, PENNSYLVANIA
                        :
      Plaintiff              :
                        :
         v.             :     CIVIL ACTION – LAW
                        :
ERIE COUNTY COURT of COMMON  :
PLEAS, SUPERINTENDENT WILLIAM J.  :
WOLFE, ERIE COUNTY DISTRICT  :
ATTORNEY'S OFFICE, PA. STATE  :
POLICE TROOPERS, D.A BRADLEY H.  :
FOULK, PROSECUTOR PATRICIA  :
KENNEDY, (JOHN DOE) UNKNOWN  :
PROTHONOTARY, FORMER  :
ASSISTANT D.A KENNETH A ZAK,  :
      Defendants          :     Case No. 13812 – 2001

## ORDER

AND NOW to-wit, this __16__ day of December 2002, upon consideration of Petitioner's Application for Summary Relief Disposition and Application Request for Reconsideration and/or Reargument for the Petitioners [sic] Writ of Mandamus Extraordinary Relief, it is hereby ORDERED and DECREED that the Application is DENIED. As this Court noted in its Order dated November 26, 2002, the nature of the relief sought by Petitioner necessarily would require the Court to review his conviction on the underlying criminal charges. Procedurally however, the only method which Petitioner may utilize to collaterally review his criminal conviction is the PCRA; the request for a writ of mandamus is improper in this context. Accordingly, the Court will not hear further argument on the issue.

                       BY THE COURT:

                       _____ J.

C:    Randolph S. Tangle, pro se CL-7635
      Matthew J. McLaughlin, Esquire
      Kemal Mericli, Senior Deputy Attorney General
      PA. State Police Headquarters for Troopers



COMMONWEALTH OF PENNSYLVANIA

               vs.

RANDOLPH S. TANGLE

: IN THE COURT OF COMMON PLEAS
: OF ERIE COUNTY, PENNSYLVANIA
: CRIMINAL DIVISION
:
:
:
:
: No. 1833 of 1993

## ORDER OF COURT

AND NOW, to-wit, this Twenty-ninth day of January, 2003, after receiving Defendant's *pro se*

Petition for Post Conviction Review, Nunc-Pro-Tunc Petition Amended Petition For Relief Under; Post

Conviction Relief Act, and Petitioner's Motion for Contempt Order with accompanying Rule to Show

Cause, it is hereby **ORDERED, ADJUDGED AND DECREED** said Motions are DISMISSED as

Defendant is currently being represented by counsel in this matter.  Defendant is directed to send all

future correspondence to his counsel.

BY THE COURT:

_____
Stephanie Domitrovich          Judge

cc:  William J. Hathaway, Esquire, on behalf of Defendant
     Randolph S. Tangle, CL-7635, 10745 Route 18, Albion, PA 16475-0002



DEFENDANT'S EXHIBIT

COMMONWEALTH OF PENNSYLVANIA     : IN THE COURT OF COMMON PLEAS
                                       : OF ERIE COUNTY, PENNSYLVANIA
                                       : CRIMINAL DIVISION

                 vs.                        :

RANDOLPH S. TANGLE                 : No. 1833 of 1993

## ORDER

Domitrovich, J., March 18, 2003

AND NOW, to-wit, this 18th day of March 2003, after a thorough review of Defendant's

Motion to Modify Sentence Nunc Pro Tunc (hereinafter referred to as "PCRA"), dated December

27, 2002, and appointed counsel's response, dated January 6, 2003, and a review of the record,

this Court hereby notifies Defendant that this Court hereby ORDERS that Defendant's PCRA is

DISMISSED.

The factual and procedural history are as follows: On December 8, 1993, Defendant,

after signing Defendant's Statement of Understanding of Rights Prior to Guilty Plea, plead guilty

to sixteen counts of receiving stolen property[1]. As part of a plea agreement, the Commonwealth

nolle prossed sixteen counts of dealing in proceeds of unlawful activities[2]. On January 7, 1994,

Defendant was sentenced as follows: count one, twenty-four (24) months to five (5) years of

state incarceration consecutive a state revocation sentence at Docket Number 2680 of 1989;

count three, twenty-four (24) months to seven (7) years of state incarceration consecutive to

count one at Docket Number 1833 of 1993; and on each of the remaining fourteen (14) counts,

Defendant was sentenced to twenty-four (24) months to four (4) years of state incarceration

concurrent to the sentence at count three.

---

[1] 18 Pa.C.S. § 3925.
[2] 18 Pa.C.S. § 5111.



On January 11, 1994, Defendant filed a Motion for Modification in Sentence to Reduce and Modify Sentence which this Court denied in an Order dated January 12, 1994. Defendant did not take and appeal, however, on January 26, 1994 Defendant filed his first PCRA Petition and this Court assigned counsel to represent Defendant. On May 27, 1994, this Court denied Defendant's PCRA and appointed counsel was permitted to withdraw. On June 22, 1994, Defendant his Notice of Appeal. Thereafter, Defendant was directed, in an Order dated June 28, 1994, to file his Concise Statement of Matters Complained of On Appeal within fourteen days, but Defendant failed to comply. In a letter from the Superior Court of Pennsylvania Office of the Prothonotary, dated June 27, 1994, Deputy Prothonotary Eleanor Valecko indicated that Defendant's Notice of Appeal was incomplete and could not be filed. Defendant was advised to file an Amended Notice of Appeal indicating the specific order of the trial court the was being appealed. On June 25, 1996, Defendant filed an Amended Notice of Appeal. In an Order dated August 12, 1996, Defendant was again directed to file his Concise Statement of Matters Complained of On Appeal. On August 22, 1996, Defendant filed his concise statement and thereafter this Court filed its Opinion on August 27, 1996. In a Memorandum, dated December 19, 1996, the Pennsylvania Superior Court affirmed this Court's Order denying Defendant's first PCRA stating, "Our review of the instant record reveals that appellant has not shown that his plea was the result of manifest injustice. We also find that the guilty plea was voluntary, and was knowingly and intelligently entered into." *See, Superior Court of Pennsylvania Pittsburgh District Memorandum, dated December 19, 1996, pp. 7-8 (citation omitted).*

On September 28, 2001, Defendant, *pro se,* filed "Application Request for Discovery to Inspect Sealed Documents and Surveillance Tapes, For Preliminary Objections and/or-Evidentiary Hearing," a Petition for Writ of Mandamus, and a Application for Assignment of

2

Counsel. The Court gave respondent's thirty days, from the Order dated October 1, 2001, to file their response to Defendant. On November 1, 2001, the Court denied Defendant's Petition for Writ of Mandamus, Application for Assignment of Counsel, and Application for Request Application Request for Discovery to Inspect Sealed Documents and Surveillance Tapes, For Preliminary Objections and/or- Evidentiary Hearing.

On December 24, 2002, Defendant file an Application Request for Motion to Vacate Sentence and/or Correction of Illegal Sentence. On December 30, 2002, the Court treated Defendant's Application Request Sentence and/or Correction of Illegal Sentence as his second PCRA Petition and appointed counsel to represent Defendant in this matter. On January 6, 2003, Defendant's appointed counsel filed a Petition for Leave to Withdraw as Counsel along with a "no merit" letter stating:

> The Petitioner has now submitted the instant application which has been accepted as a PCRA and therefore constitutes a second PCRA. The instant Application accepted and treated as a PCRA Petition is patently untimely under 42 Pa.C.S.A. As this case preceded the 1995 amendments to the PCRA statute, the petitioner was mandated to file the instant Petition within one year from the effective date of the amendments, that being January 16, 1996. The Petitioner timely filed his initial PCRA, which was dismissed. As for the instant filing, the Petitioner has substantially exceeded the applicable time limitations in this case. The Petitioner has substantially exceeded the applicable time limitations in this case. The Petitioner has failed to aver or prove the applicability of the statutory exceptions. The validity of the plea proceeding and the legality of sentence have been reviewed and adjudicated in the initial PCRA. The instant PCRA is patently untimely. Therefore, I am compelled to conclude that there is no colorable claim for relief under the PCRA.

*See, Appointed Counsel's "No Merit Letter," dated January 6, 2003*. On February 24, 2003, this Court notified Defendant of its intent to dismiss his second PCRA without a hearing and gave him twenty (20) day to file objections.

The PCRA's sole purpose is to provide relief to those individuals who have been convicted of crimes for which they did not commit, or who are serving illegal sentences. See 42 Pa.C.S. §9542. The

PCRA is not a means to re-litigate issues which were previously addressed on direct appeal or that could have been raised previously. *Commonwealth v. Buehl*, 540 Pa. 493, 658 A.2d 771 (1995). Further, it is not a tool to correct technical or procedural errors, which occurred during the conviction process. *Commonwealth v. Rightnour*, 469 Pa. 107, 364 A.2d 927 (1976). All PCRA's, including second or subsequent ones, must be filed within one year of the date the judgment becomes final, which is at the conclusion of direct review, or the expiration of the deadline for seeking review. *See* 42 Pa.C.S. §9545(b)(3) In addition, "It is a well-settled principle of law that if a PCRA petition is untimely, a court lacks jurisdiction to address the claims therein." *Commonwealth v. Camps*, 772 A.2d 70 (Pa.Super. 2001); *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780 (2000).

Appellant's second petition is governed by section 9545(b) which provides in pertinent part as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> ...
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review...or at the expiration of time for seeking the review.
>
> (4) For purposes of this subchapter, "government officials" shall not include

4

defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545(b), *See also, Commonwealth v. Conway*, 706 A.2d 1243 (Pa.Super. 1997).

Defendant's judgment of sentence became final thirty days after the order denying Defendant's post trial motion was entered which was Monday, February 14, 1994. Defendant's second PCRA petition, filed on December 24, 2002, is nearly eight years after that date and does not fall within any of the exceptions set forth in section 9545(b)(1). In *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, (1999), Pennsylvania Supreme Court state:

> This court has made clear that the time limitations pursuant to the amendments to the PCRA are jurisdictional. *Banks; Peterkin*....Jurisdictional time limits go to a court's right or competency to adjudicate a controversy. These limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits.

*Id.* 558 Pa. at 328-329. Accordingly, the claims Defendant raises in his second PCRA Petition must be dismissed without a hearing since this Court is without jurisdiction to hear the matter.

For all of the foregoing reasons, Defendant's PCRA is hereby dismissed.


BY THE COURT:

_____
Stephanie Domitrovich        Judge


cc:    District Attorney's Office
       William Hathaway, Esquire, on behalf of Defendant
       (By certified mail) Randolph S. Tangle, CL-7635, 10745 Route 18 Albion, PA 16475

DEFENDANT'S EXHIBIT

COMMONWEALTH OF PENNSYLVANIA  :  IN THE COURT OF COMMON PLEAS
                                           :  OF ERIE COUNTY, PENNSYLVANIA
             vs.                 :  CRIMINAL DIVISION
                                           :
RANDOLPH S. TANGLE            :  NOS.    1833 OF 1993

## ORDER OF COURT

       AND NOW, to-wit, this 14th day of April, 2003, pursuant to Rule of Appellate Procedure 1925(b), Defendant is directed to forthwith file of record a concise statement of the matters complained of on appeal within fourteen (14) days of the entry of this Order, and to serve a copy thereof on the undersigned.

       Pursuant to Rule 5000.9 of Pa. Rules of Judicial Administration, it is **ORDERED** that the office of Court Stenographers shall file all transcripts in the above-captioned matter on or before fourteen (14) days from date hereof.  The office of Court Stenographers is further DIRECTED to notify all counsel of record and unrepresented parties upon the filing of such transcripts.

       It is **ORDERED** that the Clerk of Courts and/or Court Stenographer shall furnish court records and transcribed notes of testimony to Defendant.

       Further, it is **ORDERED** that Defendant may proceed *In Forma Pauperis* as it pertains to filing fees relating to the subject appeal.

CLERK OF RECORDS
2003 APR 14 PM 2: 56
CRIMINAL DIVISION
COUNTY COURT HOUSE
ERIE, PA 16501

                                   BY THE COURT:

                                *Stephanie Domitrovich*
                           Stephanie Domitrovich     Judge

cc:      District Attorney
          Randolph S. Tangle, CL-7635, 10745 Route 18, Albion, PA  16475-0002
          Jim Muscarella, Chief Court Reporter
          Sharon Winkler, Clerk of Courts Office
          Trial Court Administration

RECEIVED
APR 1 4 2003
COURT ADMINISTRATOR
TRIAL DIVISION

DEFENDANT'S
EXHIBIT

COMMONWEALTH OF PENNSYLVANIA    : IN THE COURT OF COMMON PLEAS
                                 : OF ERIE COUNTY, PENNSYLVANIA
                                 : CRIMINAL DIVISION

               vs.                        :
                                   :
                                   :

RANDOLPH S.TANGLE                  : No. 1833 of 1993

**OPINION**

Domitrovich, J.       May 15, 2003

This is an appeal of an Order, dated March 18, 2003, dismissing Defendant's PCRA

Petition.

The factual and procedural history are as follows: On December 8, 1993, Defendant,

after signing Defendant's Statement of Understanding of Rights Prior to Guilty Plea, pled guilty

to sixteen counts of receiving stolen property[1]. As part of a plea agreement, the Commonwealth

nolle prossed sixteen counts of dealing in proceeds of unlawful activities[2]. On January 7, 1994,

Defendant was sentenced as follows: count one, twenty-four (24) months to five (5) years of

state incarceration consecutive a state revocation sentence at Docket Number 2680 of 1989;

count three, twenty-four (24) months to seven (7) years of state incarceration consecutive to

count one at Docket Number 1833 of 1993; and on each of the remaining fourteen (14) counts,

Defendant was sentenced to twenty-four (24) months to four (4) years of state incarceration

concurrent to the sentence at count three.

On January 11, 1994, Defendant filed a Motion for Modification in Sentence to Reduce

and Modify Sentence which this Court denied in an Order dated January 12, 1994. Defendant

---

[1] 18 Pa.C.S. § 3925.
[2] 18 Pa.C.S. § 5111.

1

did not take and appeal, however, on January 26, 1994 Defendant filed his first PCRA Petition

and this Court assigned counsel to represent Defendant. On May 27, 1994, this Court denied

Defendant's PCRA and appointed counsel was permitted to withdraw. On June 22, 1994,

Defendant his Notice of Appeal. Thereafter, Defendant was directed, in an Order dated June 28,

1994, to file his Concise Statement of Matters Complained of On Appeal within fourteen days,

but Defendant failed to comply. In a letter from the Superior Court of Pennsylvania Office of the

Prothonotary, dated June 27, 1994, Deputy Prothonotary Eleanor Valecko indicated that

Defendant's Notice of Appeal was incomplete and could not be filed. Defendant was advised to

file an Amended Notice of Appeal indicating the specific order of the trial court the was being

appealed. On June 25, 1996, Defendant filed an Amended Notice of Appeal. In an Order dated

August 12, 1996, Defendant was again directed to file his Concise Statement of Matters

Complained of On Appeal. On August 22, 1996, Defendant filed his concise statement and

thereafter this Court filed its Opinion on August 27, 1996. In a Memorandum, dated December

19, 1996, the Pennsylvania Superior Court affirmed this Court's Order denying Defendant's first

PCRA stating, "Our review of the instant record reveals that appellant has not shown that his

plea was the result of manifest injustice. We also find that the guilty plea was voluntary, and

was knowingly and intelligently entered into." *See, Superior Court of Pennsylvania Pittsburgh*

*District Memorandum, dated December 19, 1996, pp. 7-8 (citation omitted).*

On September 28, 2001, Defendant, *pro se,* filed "Application Request for Discovery to

Inspect Sealed Documents and Surveillance Tapes, For Preliminary Objections and/or-

Evidentiary Hearing," a Petition for Writ of Mandamus, and a Application for Assignment of

Counsel. The Court gave the Commonwealth, the respondent, thirty days, from the Order dated

October 1, 2001, to file their response to Defendant. On November 1, 2001, the Court denied

2

Defendant's Petition for Writ of Mandamus, Application for Assignment of Counsel, and

Application for Request Application Request for Discovery to Inspect Sealed Documents and

Surveillance Tapes, For Preliminary Objections and/or- Evidentiary Hearing.

On December 24, 2002, Defendant filed an Application Request for Motion to Vacate

Sentence and/or Correction of Illegal Sentence.  On December 30, 2002, the Court treated

Defendant's Application Request Sentence and/or Correction of Illegal Sentence as his second

PCRA Petition and appointed counsel to represent Defendant in this matter.  On January 6, 2003,

Defendant's appointed counsel filed a Petition for Leave to Withdraw as Counsel along with a

"no merit" letter stating:

> The Petitioner has now submitted the instant application which has been accepted
> as a PCRA and therefore constitutes a second PCRA.  The instant Application
> accepted and treated as a PCRA Petition is patently untimely under 42 Pa.C.S.A.
> As this case preceded the 1995 amendments to the PCRA statute, the petitioner
> was mandated to file the instant Petition within one year from the effective date of
> the amendments, that being January 16, 1996.  The Petitioner timely filed his
> initial PCRA, which was dismissed.  As for the instant filing, the Petitioner has
> substantially exceeded the applicable time limitations in this case.  The Petitioner
> has substantially exceeded the applicable time limitations in this case.  The
> Petitioner has failed to aver or prove the applicability of the statutory exceptions.
> The validity of the plea proceeding and the legality of sentence have been
> reviewed and adjudicated in the initial PCRA.  The instant PCRA is patently
> untimely.  Therefore, I am compelled to conclude that there is no colorable claim
> for relief under the PCRA.

*See, Appointed Counsel's "No Merit Letter," dated January 6, 2003.*  On February 24, 2003, this

Court notified Defendant of its intent to dismiss his second PCRA without a hearing and gave

him twenty (20) day to file objections. On March 18, 2003 this Court dismissed Defendant's

PCRA petition since it was patently untimely and not subject to any three exceptions to the one

year time bar.

The PCRA's sole purpose is to provide relief to those individuals who have been convicted of

crimes for which they did not commit, or who are serving illegal sentences. See 42 Pa.C.S. §9542.  The

3

PCRA is not a means to re-litigate issues which were previously addressed on direct appeal or that could have been raised previously. *Commonwealth v. Buehl,* 540 Pa. 493, 658 A.2d 771 (1995). Further, it is not a tool to correct technical or procedural errors, which occurred during the conviction process. *Commonwealth v. Rightnour,* 469 Pa. 107, 364 A.2d 927 (1976). All PCRA's, including second or subsequent ones, must be filed within one year of the date the judgment becomes final, which is at the conclusion of direct review, or the expiration of the deadline for seeking review. *See* 42 Pa.C.S. §9545(b)(3). In addition, "It is a well-settled principle of law that if a PCRA petition is untimely, a court lacks jurisdiction to address the claims therein." *Commonwealth v. Camps,* 772 A.2d 70 (Pa.Super. 2001); *Commonwealth v. Gamboa-Taylor,* 562 Pa. 70, 753 A.2d 780 (2000).

Appellant's second petition is governed by section 9545(b) which provides in pertinent part as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> ...
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review...or at the expiration of time for seeking the review.
>
> (4) For purposes of this subchapter, "government officials" shall not include

4

defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545(b), *See also, Commonwealth v. Conway*, 706 A.2d 1243 (Pa.Super. 1997).

Defendant's judgment of sentence became final thirty days after the order denying Defendant's post-trial motion was entered which was Monday, February 14, 1994. Defendant's second PCRA petition, filed on December 24, 2002, is nearly eight years after that date and is untimely[3] unless appellant has pled and proven that one of the following exceptions applies: (1) failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; (2) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (3) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). For purposes of this subchapter § 9545 (b)(1(i), "government officials" does not include defense counsel, whether appointed or retained. 42 Pa.C.S. § 9545 (b)(4). In addition, a petition invoking one or more of these exceptions must, however, be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). Moreover, the PCRA statute makes clear that where, as here, the PCRA petition is untimely, it is the *petitioner's burden to plead in the petition and prove* that one of the exceptions applies. 42 Pa.C.S. § 9545(b)(1)(emphasis added).

Defendant alleges, in his Application Request for Motion to Vacate Sentence and/or Correction of Illegal Sentence, that the "Pennsylvania statute rule 590 (Formerly 319), Plea Bargain Proceedings were taken in bad faith, a direct violation of prosecution function under A.B..A standards and codes."

---

[3] While the amended PCRA does permit a defendant whose judgment has become final on or before the effective date of the amendments to file his or her **first** petition within a year from that effective date, such exception is of no moment in the instant matter since this is appellant's second petition. *See Commonwealth v. Peterkin*, 722 A.2d at 641.

Specifically, Defendant claims he was sentenced "[i]n a arbitrary manner (former prosecutor Kenneth A. Zak) brought the Defendant's criminal counts (one and two) as charged. Illegally entered this evidence to increase felony statute to exceed over ($500.00) five-hundred dollars for receiving stolen property as charges." In addition, Defendant claims, "[t]he malice acts and evil intent was to increase gravity scale of title 18 Pa. C.S.A. § 3925 to different catergory [sic] to impose (harsher) sentence for more serious punishment, in violation of 8th and 14th amendments of the U.S. Constitution." On January 27, 2003, Defendant submitted a document entitled "Nunc-Pro-Tunc, Petition Amended Petition for Relief Under: Post Conviction Relief Act:" in which he claims he "was forced to plead guilty to false charges, under threats if he would contest in any manner, a unfair jury trial would follow." While Defendant acknowledges that the instant PCRA petition is untimely, however, Defendant asserts that the information contained in the unsworn of affidavit of his co-conspirator, Willie E. Cox, contains information that defendant "could not have known." In addition, Defendant asserts that "evidence in surveillance tapes audio sounds and view video footage [sic] will clearly show that on November 16, 1992 (2) criminal counts are unsupported against the petitioner and if demonstrated, they will show actual innocence."

However, as presented, Defendant's claims fail since nowhere does Defendant establish that he has met the requirements of 42 Pa.C.S. § 9545(b)(1)(2). Specifically, Defendant failed to plead or prove that that his claims asserting unconstitutional or illegal interference by government officials and newly discovered evidence were raised within sixty days of the date the claim could have been raised. In *Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214, (1999), the Pennsylvania Supreme Court stated:

> This court has made clear that the time limitations pursuant to the amendments to the PCRA are jurisdictional. *Banks; Peterkin....*Jurisdictional time limits go to a court's right or competency to adjudicate a controversy. These limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits.

6

*Id.* 558 Pa. at 328-329. Thus, Defendant's second PCRA petition is untimely and is not subject to any of the exceptions set forth in the PCRA statute under 42 Pa.C.S. § 9545(b).

Assuming *arguendo* that the issues Defendant raised in his second PCRA petition are not barred by the statute of limitation, the issues have been waived by Defendant's failure to take a direct appeal or where previously litigated in Defendant's first PCRA petition. *See, The Pennsylvania Superior Court's Memorandum Opinion, dated December 19, 1996.*

For all of the foregoing reasons, this Lower Court is without jurisdiction to address the issues raised in Defendan's second PCRA petition. Therefore, Defendant's instant appeal is without merit.

BY THE COURT:

/Stephanie Domitrovich          Judge

cc:     District Attorney's Office
        William Hathaway, Esquire, on behalf of Defendant
        Randolph S. Tangle, CL-7635, 10745 Route 18 Albion, PA 16475

7



DEFENDANT'S
EXHIBIT

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
                 : OF ERIE COUNTY, PENNSYLVANIA
                 : CRIMINAL DIVISION
       vs.        :
                 :
                 :
RANDOLPH S. TANGLE      : No. 1833 of 1993

*Stamp:* CRIMINAL DIVISION / COUNTY COURTHOUSE / ERIE, PA 16501 — 2003 MAY 12 P 3: 16 — CLERK OF RECORDS

## ORDER

AND NOW, to-wit, this 12th day of May 2003, regarding Defendant's *pro se* Motion for

Contempt Order, dated April 28, 2003, it is hereby **ORDERED, ADJUDGED AND DECREED** that

said Motion is **DISMISSED** as moot since the Clerk of Courts has previously sent Defendant copies of

the transcripts on July 21, 1997, as indicated on page seven of the docket at Number 1833 of 1993.


        BY THE COURT:


            Stephanie Domitrovich    Judge


cc:  District Attorney
    Randolph S. Tangle, CL-7635, 10745 Route 18 Albion, PA 16475

1993 - 01833 TANGLE RANDOLPH SCOTT

6/25/96 AMENDED NOTICE OF APPEAL NUNC PRO TUNC (ORDER DATED MAY 27, 1994)
        IFP VERIFIED STATMENT AND PROOF OF SERVICE FILED BY DEFENDANT
        RETURNED TO DEFENDANT WITH LETTER EXPLAINING THAT HE MUST OBTAIN
        PERMISSION FROM THE SENTENCING JUDGE TO BE ABLE TO APPEAL NUNC PRO
        TUNC
--------------------------------------------------------------------------
6/25/96 AMENDED NOTICE OF APPEAL(ORDER DATED MAY 27, 1994) IFP VERIFIED
        STATEMENT PROOF OF SERVICE FILED BY DEFENDANT
--------------------------------------------------------------------------
8/15/96 ORDER - CONCISE STATEMENT TO BE FILED WITHIN 14 DAYS
        S/S DOMITROVICH JUDGE
--------------------------------------------------------------------------
8/22/96 CONCISE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL FILED BY
        DEFENDANT TAKEN TO JUDGE DOMITROVICH
--------------------------------------------------------------------------
8/27/96 OPINION SIGNED AND FILED JUDGE DOMITROVICH
--------------------------------------------------------------------------
8/09/96 DOCKETED NOTICE OF APPEAL/SUPERIOR COURT # 1406 PHG 96
--------------------------------------------------------------------------
8/28/96 ALL PAPERS SENT TO SUPERIOR COURT
--------------------------------------------------------------------------
10/07/96 COPY OF APPEAL FROM A ORDER OF COURT DENYING AND DISMISING A RELIEF
         REQUEST UNDER THE POST CONVICTION RELIEF ACT FILED IN SUPERIOR
         COURT.
--------------------------------------------------------------------------
11/14/96 MOTION FOR DISMISSAL OF APPELLEES BRIEF FOR VIOLATION OF PA RAP
         2185 AND 2188 TAKEN TO JUDGE DOMITROVICH
--------------------------------------------------------------------------
1/03/96 APPLICATION FOR REARGUMENT FROM JUDGMENT ORDER ENTERED IN THIS
        COURT DATED DECEMBER 19 1996. PETITION FOR REARGUMENT FILED BY
        DEFENDANT
--------------------------------------------------------------------------
4/10/97 ALL PAPERS RETURNED FROM SUPERIOR COURT
--------------------------------------------------------------------------
4/10/97 SUPERIOR COURT OPINION THAT THE JUDGMENT OF THE COURT OF COMMON
        PLEAS OF ERIE COUNTY BE AND THE SAME IS HEREBY AFFIRMED. BY THE
        COURT ELEANOR R VALECKO DEPUTY PROTHONOTARY DATE 12-19-96
--------------------------------------------------------------------------
        7 DEFENDANT GIVEN COPIES OR TRANSCRIPTS INFORMED DEFENDANT THAT IF
        THERE IS ANY FURTHER ACTIVITY ON THIS CASE HE WILL BE RESPONSIBLE
        TO FURNISH RECORD
--------------------------------------------------------------------------
7/21/97 NOTICE OF CHANGE OF ADDRESS FILED BY THE DEFENDANT
--------------------------------------------------------------------------
8/01/01 COPY OF DOCKET SENT TO DEFENDANT
--------------------------------------------------------------------------
9/28/01 APPLICATION REQUEST FOR DISCOVERY TO INSPECT SEALED DOCUMENTS AND
        SURVEILLANCE TAPES FOR PRELIMINARY OBJECTIONS AND/OR EVIDENTARY
        HEARING FILED BY DEFT   (JUDGE DOMITROVICH)
--------------------------------------------------------------------------
9/28/01 PETITION FOR WRIT OF MANDAMUS, APPLICATION FOR ASSIGNMENT OF
        COUNSEL (JUDGE DOMITROVICH)
--------------------------------------------------------------------------
10/01/01 ORDER OF COURT DATED 10-01-2001, UPON CONSIDERATION OF
         PETITIONER'S  PRO SE APPLICATION REQUEST FOR DISCOVERY AND/OR
         PRELIMINARY OBJECTIONS AND/OR EVIDENTARY HEARING, IT IS ORDERED
         THAT RESPONDENTS WILL HAVE THIRTY DAYS FROM THE DATE OF THIS ORDER



J-S62023-03

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | RECEIVED |
| RANDOLPH SCOTT TANGLE, | : | |
| | : | JAN 30 2004 |
| Appellant | : | NO. 687 WDA 2003 |
| | | CLERK OF COURTS |
| | | CRIMINAL DIVISION |

Appeal from the PCRA Order Entered March 18, 2003,
In the Court of Common Pleas of Erie County, Pennsylvania,
Criminal, at No. 1833-1993

BEFORE: HUDOCK, GRACI, JJ., and McEWEN, P.J.E.

MEMORANDUM:                    FILED: DECEMBER 12, 2003

Randolph Tangle ("Tangle") appeals from the order dismissing his second petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we find the petition to be untimely and affirm the order of the PCRA court.

## I.    FACTUAL AND PROCEDURAL HISTORY

On December 8, 1993, Tangle pleaded guilty to sixteen counts of receiving stolen property, 18 Pa.C.S.A. § 3925. On January 7, 1994, was sentenced as follows: on count one, twenty-four months to five years' imprisonment consecutive to a state revocation sentence at Docket Number 2690 of 1989; on count three, twenty-four months to seven years' imprisonment consecutive to count one at Docket Number 1833 of 1993; and on each of the remaining fourteen counts, Tangle was sentenced to

twenty-four months' to four years' imprisonment concurrent to the sentence at count three.

On January 11, 1994, Tangle filed a "Motion for Modification in Sentence to Reduce and Modify Sentence" that the trial court denied on January 12, 1994. No direct appeal was filed. On January 26, 1994, Tangle filed his first PCRA Petition and the PCRA court assigned counsel to represent Tangle on March 15, 1994. Thereafter, appointed PCRA counsel filed a petition for leave to withdraw as counsel and a no merit letter dated May 18, 1994. On May 27, 1994, the PCRA court, after proper notice, granted appointed counsel's request to withdraw and denied Tangle's petition and Tangle appealed *pro se* to this Court. On December 19, 1996, this Court affirmed the decision of the PCRA court.

On September 28, 2001, Tangle filed a *pro se* "Application Request for Discovery to Inspect Sealed Documents and Surveillance Tapes For Preliminary Objections and/or Evidentiary Hearing," a Petition for Writ of Mandamus, and a Application for Assignment of Counsel. The trial court denied these petitions.

On December 24, 2002, Tangle filed an "Application Request for Motion to Vacate Sentence and/or Correction of Illegal Sentence." The lower court treated this as a second PCRA Petition and appointed counsel to represent Tangle.

[Tangle's] appointed counsel filed a Petition for Leave to Withdraw as Counsel along with a "no merit" letter stating:

J-S62023-03

> The Petitioner has now submitted the instant application which has been accepted as a PCRA and therefore constitutes a second PCRA. The instant Application accepted and treated as a PCRA Petition is patently untimely under 42 Pa.C.S.A. As this case preceded the 1995 amendments to the PCRA statute, the petitioner was mandated to file the instant Petition within one year from the effective date of the amendments, that being January 16, 1996. The Petitioner timely filed his initial PCRA, which was dismissed. As for the instant filing, the Petitioner has substantially exceeded the applicable time limitations in this case. The Petitioner has substantially exceeded the applicable time limitations in this case. The Petitioner has failed to aver or prove the applicability of the statutory exceptions. The validity of the plea proceeding and the legality of sentence have been reviewed and adjudicated in the initial PCRA. The instant PCRA is patently untimely. Therefore, I am compelled to conclude that there is no colorable claim for relief under the PCRA.

Opinion, 05/15/03, at 3 (citing No Merit Letter, 01/06/03).

On February 24, 2003, the PCRA court afforded Tangle twenty days notice of its intent to dismiss his second PCRA petition without a hearing. On March 18, 2003, the PCRA court dismissed Tangle's PCRA petition as untimely. Tangle's PCRA counsel was permitted to withdraw on March 27, 2003. Tangle filed a timely *pro se* notice of appeal on April 10, 2003, and provided a Statement of Matters Complained of on Appeal on April 28, 2003. On May 15, 2003, the trial court issued an opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure. In his Statement of Matters Complained of on Appeal, Tangle raises twenty-seven issues that roughly correlate to the twenty issues he presents for our review in his brief and reply brief.

J-S62023-03

## II.  DISCUSSION

In reviewing the propriety of the PCRA court's dismissal of the petition, we are limited to determining whether the court's findings are supported by the record, and whether the order is free of legal error. ***Commonwealth v. Kutnyak***, 781 A.2d 1259 (Pa. Super. 2001).

. . .

We begin our analysis by noting that the timeliness requirements of 42 Pa.C.S.A. § 9545(b) are jurisdictional in nature, and the courts lack jurisdiction to grant PCRA relief unless the petitioner can plead and prove that one of the exceptions to the time bar applies. ***Commonwealth v. Pursell***, 561 Pa. 214, 749 A.2d 911, 913-914 ([Pa.] 2000). "[W]e must, as a threshold matter, determine whether the petition should be dismissed as untimely." ***Commonwealth v. Fahy***, 558 Pa. 313, 737 A.2d 214, 217 ([Pa.] 1999).

***Commonwealth v. Davis***, 816 A.2d 1129, 1133 (Pa. Super. 2003)

The timeliness requirements of the PCRA are contained in 42 Pa.C.S.A.

§ 9545(b) as follows:

**(b) Time for filing petition.—**

(1)    Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the

- 4 -

J-S62023-03

> United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2)   Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> (3)   For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.
>
> (4)   For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), (2), (3), and (4).

Tangle's judgment of sentence became final on February 7, 1994, after the expiration of the thirty-day appeal period following the imposition of sentence. *See* Pa.R.A.P 903(a); 42 Pa.C.S.A. § 5505; 42 Pa.C.S.A. § 9545(b)(3).[1]   Tangle's second petition was not filed until December 24, 2002, over eight years after his judgment of sentence became final.  On its face, Tangle's second petition is clearly untimely.  However, Tangle asserts

---

[1]      Under previous Pa.R.Crim.P. 1410 adopted May 22, 1978, effective as to cases in which sentence was imposed on or after July 1, 1978, rescinded March 22, 1993, and effective as to cases in which the determination of guilt occurred prior to January 1, 1994, a motion to modify sentence had to be filed within ten days of sentence.  If the motion was not granted, a notice of appeal had to be filed within thirty days of the imposition of sentence. Because the trial court did not grant Tangle's January 11, 1994, motion to modify his sentence, his notice of appeal had to be filed by February 7, 1994.  As no notice of appeal was filed, Tangle's sentence became final on that date. *See* 42 Pa.C.S.A. § 9545(b)(3).

- 5 -

that his petition falls under the timeliness exceptions of 42 Pa.C.S.A. §
9545(b)(1)(i) and (ii).

In order to succeed under the governmental interference exception,
Tangle must plead in his petition that he was unable to present a meritorious
claim in a timely manner because government officials interfered with the
presentation of the claim in violation the law. 42 Pa.C.S.A. § 9545(b)(1)(i).
Tangle's petition must also show that he filed his instant PCRA petition within
sixty days of his first opportunity to overcome the government interference.
42 Pa.C.S.A. § 9545(b)(2).    In this appeal, Tangle makes several bald
allegations of police, prosecutorial and judicial interference, but he wholly
fails to explain how this interference prevented him from filing his petition in
a timely matter.    More importantly, Tangle failed to plead these claims of
interference by government officials in his PCRA petition. 42 Pa.C.S.A. §
9545(b)(1); *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).
Thus, Tangle's present claims of government interference do not satisfy the
requirements for this exception to the jurisdictional time limits of the PCRA.

Tangle also presents several issues that raise the claim that the after-
discovered evidence exception of 42 Pa.C.S.A. § 9545(b)(1)(ii) applies.

> In order to succeed under this exception and avoid the PCRA
> time bar, [the petitioner] must plead and prove that the facts
> upon which the claim is predicated were unknown to him and
> could not have been ascertained earlier by the exercise of due
> diligence. 42 Pa.C.S. § 9545(b)(1)(ii). *See Commonwealth v.
> Bronshtein*, 561 Pa. 611, 752 A.2d 868, 870-71 ([Pa.] 2000),
> *citing Commonwealth v. Beasley*, 559 Pa. 604, 741 A.2d
> 1258, 1261 ([Pa.] 1999). In addition, he has to show that these

J-S62023-03

>new facts constitute "exculpatory evidence" that "would have
>changed the outcome of the trial if it had been introduced." 42
>Pa.C.S. § 9543 (a)(2)(vi); *Commonwealth v. Yarris*, 557 Pa.
>12, 731 A.2d 581, 588, 590, 591 ([Pa.] 1999).

*Commonwealth v. Palmer*, 814 A.2d 700, 706 (Pa. Super. 2002).

In his PCRA petition, Tangle claims he has recently discovered exculpatory evidence in the form of an unsworn affidavit of a former accomplice, dated December 5, 2002. However, this evidence does not qualify as after-discovered evidence under the PCRA because Tangle obviously had knowledge of this potential witness and could have obtained his testimony prior to his conviction. Tangle is unable to succeed under the after-discovered evidence exception because the facts upon which his claim is predicated could have been ascertained earlier by the exercise of due diligence. Accordingly, this exception, like the first, offers him no relief.

Among the many issues raised by Tangle on this appeal, Tangle claims that the PCRA court abused its discretion by appointing "worthless" counsel to assist Tangle with his second PCRA petition. Appellant's brief, at 12. There is no automatic right to counsel for a second PCRA petition. *Commonwealth v. Austin*, 721 A.2d 375, 379 n.4 (Pa. Super. 1998). However, counsel may be appointed "whenever the interests of justice require it." Pa.R.Crim.P. 904(C). A PCRA court is only required to appoint counsel for an unrepresented petitioner if the court finds that the second PCRA petition requires a hearing. Pa.R.Crim.P. 904(B).

J-S62023-03

In the instant case, the PCRA court did not find that a hearing was required and was not required to appoint counsel. The PCRA court did, however, appoint counsel to assist Tangle. After reviewing Tangle's claims, his appointed counsel filed a no merit letter concluding that the petition was untimely and was permitted to withdraw.

On this appeal, Tangle claims that the PCRA court abused its discretion by appointing ineffective counsel. However, because Tangle's second PCRA petition did not require a hearing, the trial court was not required to appoint counsel for Tangle and cannot be found to have abused its discretion for making such an appointment.[2]

### III.    CONCLUSION

The PCRA court properly concluded that Tangle's second petition was untimely. Accordingly, under the PCRA, the court lacked jurisdiction and was barred from addressing the merits of Tangle's claims. Because Tangle failed to plead and prove that his petition fell under the timeliness exceptions of the PCRA, we will not address the merits of his claims.

---

[2]    We note that the PCRA court appointed the same counsel to assist Tangle with his first PCRA petition. After that appointment, counsel also sought leave to withdraw (in conjunction with a no-merit letter) and was permitted to withdraw. On a *pro se* appeal of the order denying that petition, Tangle alleged that appointed counsel was ineffective. This court found that Tangle had waived the issue of ineffectiveness and affirmed the PCRA court's order. In a situation where an appointment was required (and this is not one as we explain in text), it would be inappropriate to appoint an attorney who had been granted leave to withdraw from representation in an earlier stage of the proceedings.

J-S62023-03

The order dismissing Tangle's second PCRA petition was supported by the record and free of legal error.

Order affirmed.


Judgment Entered:

*Eleanor R. Valecko*

Deputy Prothonotary


DATE: DECEMBER 12, 2003