IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDOLPH S. TANGLE,<br>    Plaintiff, | )<br>)<br>) |
| vs. | ) C.A. No. 05-114 Erie<br>) District Judge Cohill<br>) Magistrate Judge Baxter |
| CITY OF ERIE, et al.,<br>    Defendants. | )<br>)<br>) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that:

1) The motion to dismiss by Defendants Winkler and Fetzner [Document # 12] be granted.; and

2) The motion to dismiss filed by Defendants John Doe and Muscarella [Document # 16] be granted.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's complaint be dismissed for failing to state a claim upon which relief can be granted as against Defendant City of Erie.[1]

**II.   REPORT**

**A.   Relevant Procedural and Factual History**

On April 29, 2005, Plaintiff Randolph S. Tangle, an inmate incarcerated at the Erie C.C. Center in Erie, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are: City of Erie ("Erie"); John Doe, Judge's Law Clerk ("John Doe"); Patrick L. Fetzner, Clerk of Court ("Fetzner"); Jim Muscarella, Chief Court Reporter ("Muscarella"); and Sharon Winkler, Clerk of Court Office ("Winkler").

Plaintiff alleges that his rights under the first, fifth, and fourteenth amendments to the United States Constitution were violated by Defendants Winkler, Muscarella, and Fetzner

---

[1] According to the docket entries in this case, it appears that Defendant City of Erie was never served with any documents in this case and no appearance was ever entered by an attorney on his behalf.

because they allegedly "withheld and refused to provide [Plaintiff] with transcripts or documents of his criminal trial or charges for the past (11) eleven years," thus hindering his ability to seek a timely appeal of his criminal conviction. (Complaint at p. 5, ¶ 2). Plaintiff alleges further that Defendant John Doe conspired with Defendants Winkler, Fetzner, and Muscarella to deny him access to the courts. (Complaint at p. 7, ¶ 3). As relief for his claims, Plaintiff seeks monetary damages.

Defendants Winkler, Fetzner, John Doe, and Muscarella have filed motions to dismiss [Document ## 12, 16] asserting that Plaintiff's claims against them should be dismissed because they are barred by the doctrines of judicial immunity, res judicata, and collateral estoppel, as well as the applicable statute of limitations. Plaintiff has not filed a response to either of Defendants' motions despite this Court's Order allowing him time to do so [Document No. 23]. This matter is now ripe for consideration.

### C.    Standards of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat

Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997).  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.  See Swierkiewicz.

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### D.     Discussion
#### 1.     Judicial Immunity

Defendants Winkler, Fetzner, John Doe, and Muscarella have asserted, among other things, that they are immune from Plaintiff's lawsuit under the doctrine of judicial immunity.  The gravamen of Plaintiff's claims against these Defendants is that they deprived him of his constitutional rights by failing to provide him with copies of trial transcripts and other documents related to his criminal trial.  However, quasi-judicial and absolute immunity are

available to those individuals, such as the Defendants, who perform functions closely associated with the judicial process. Henig v. Odorioso, 385 F.2d 491, 494 (3d Cir. 1967, cert. denied, 390 U.S. 1016 (1968)(holding that judiciary employees executing judicial orders are immune from suits for money damages); Dieu v. Norton, 411 F.2d 761 (7th Cir. 1969)(holding that court reporter and court clerk who refused to give plaintiff transcript of record were acting in discharge of their official duties and were, thus, protected by judicial immunity); Stewart v. Minnick, 409 F.2d 826 (9th Cir. 1969)(holding that court reporter's and court clerk's refusal to furnish plaintiff with a portion of state criminal trial transcript were acts performed in their capacities as quasi-judicial officers, which clothed them with judicial immunity); Clay v. Yates, 809 F.Supp. 417, 423 (E.D.Va. 1992), affirmed, 36 F.3d 1091 (assistant deputy clerk of court was entitled to derivative absolute judicial immunity for performing or refusing to perform ministerial act of responding to requests for information sought by inmate).

Furthermore, absolute immunity extends to Defendants to the extent they are being sued in their individual capacities, as well. Rodriguez v. Weprin, 116 F.3d 62, 66 (2nd Cir. 1997)(inmate's section 1983 claims against court clerks for refusing inmate's request for records on direct appeal and for alleged delay in scheduling appeal were related to judicial functions and, thus, clerks were entitled to absolute judicial immunity from claims). Moreover, whether an act is judicial in character and, thus, subject to absolute immunity, does not depend on whether it is discretionary; rather, immunity applies to all acts of auxiliary court personnel that are basic and integral parts of the judicial process. Sindram v. Suda, 986 F.2d 1456, 1461 (D.C.Cir. 1993). In this case, it is beyond dispute that the act of providing Plaintiff with copies of trial transcripts and other documents associated with Plaintiff's criminal trial is a basic and integral part of the judicial process. Thus, Defendants Winkler, Fetzner, John Doe, and Muscarella, are entitled to absolute immunity from Plaintiff's claims against them and such claims should be dismissed.[2]

---

[2]

To the extent Plaintiff makes reference to declaratory relief, such a claim is also barred by judicial immunity, as this is "no more than an implicit predicate to [his] request for damages." Hansen v. Ahlgrimm, 520 F.2d 768, 770 (7th

## 2. The Prison Litigation Reform Act

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[3]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any

---

Cir. 1975); Isely v. Bucks County, 549 F.Supp. 160, 166 (E.D.Pa. 1982).

[3] Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

5

claims made by inmates that 'fail to state a claim upon which relief could be granted'".).

Although Defendant Erie is the lead Defendant named in this case, Plaintiff has failed to make any allegations, whatsoever, against Erie. In fact, Defendant Erie is not mentioned anywhere in the complaint other than in the caption. Thus, this lawsuit should be dismissed as against Defendant Erie for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, this Court respectfully recommends that:

1) The motion to dismiss by Defendants Winkler and Fetzner [Document # 12] be granted.; and

2) The motion to dismiss filed by Defendants John Doe and Muscarella [Document # 16] be granted.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's complaint be dismissed for failing to state a claim upon which relief can be granted as against Defendant City of Erie.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: January 13, 2006

cc:   The Honorable Maurice B. Cohill
      United States District Judge